Joseph DELMAN and Jeanette Delman,
Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 15952.

United States Court of Appeals
Third Circuit.

Argued Nov. 29, 1966.

Decided Oct. 10, 1967.

Martin D. Cohen, Cohen, Rosenbaum
& Scher, Newark, N. J., for petitioners.

Willy Nordwind, Dept. of Justice, Tax
Division, Washington, D. C. (Mitchell
Rogovin, Asst. Atty. Gen., Lee A. Jack-
son, Harold C. Wilkenfeld, Attys., Dept.
of Justice, Washington, D. C., on the
brief), for respondent.

Before SMITH, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

This matter is before us on a petition to review an order of the Tax Court which dismissed as untimely taxpayers' petition for redetermination of 1960 and 1961 income taxes. The material facts as found by the Tax Court are not disputed. A notice of tax deficiencies for the years 1960 and 1961 was sent by certified mail to the taxpayers on December 23, 1964, addressed as follows:

> Mr. Joseph Delman and
> Mrs. Jeanette Delman
> Husband and Wife
> c/o Goodman, Israelow & Lipton
> 249 Clinton Avenue
> Newark, New Jersey

A copy of this notice was sent by ordinary mail on the same day to taxpayers' attorney, Martin D. Cohen.

Both Cohen and the accounting firm of Goodman, Israelow & Lipton received the notice on December 24, 1964. Goodman et als mailed the original to Cohen on that same date and he received it on December 28, 1964. On the latter date Cohen notified the taxpayer, Joseph Delman, of the notice by telephone. Cohen forwarded a copy of the notice of deficiency to the taxpayers during the week of December 28, and it was received by them on January 4, 1965.

Taxpayers' petition to the Tax Court was filed on April 5, 1965, 103 days after the notice of deficiency was mailed.

Section 6213 of the Internal Revenue Code[1] provides that a petition for redetermination may be filed within 90 days of the mailing of the notice. On its face taxpayers' petition was out of time.

It is the taxpayers' primary argument that the notice of deficiency was invalid because it was not mailed to their last known address and that mailing to the last known address is essential to the jurisdiction of the Tax Court. If this argument is correct the notice would have no effect and would not have barred the running of the statute of limitations for the years in question.[2]

Taxpayers alternatively argue that because the notice of deficiency was sent to an incorrect address its effective date, in fairness, must be deemed to be January 4, 1965, the date the taxpayers actually received a copy of the notice of deficiency. The consequence of this argument, if accepted, would be that collection of deficiencies in the 1960 taxes would be barred by the statute of limitations and the petition for redetermination, as it relates to 1961 taxes, would be timely.[3]

The undisputed primary facts, found by the Tax Court and relied upon by the taxpayers in support of their arguments are as follows. During April, 1961, when taxpayers filed their 1960 return, they resided at 67 Clinton Avenue, Millburn, New Jersey. That address was set forth on their 1960 tax return which was filed in Newark. In the latter part of 1961 taxpayers moved to 1604 Juniper Avenue, Elkins Park, Pennsylvania where they have resided since. Their 1961 tax return, also filed in Newark, listed in a space labeled home address, c/o Good-

---

1. Unless otherwise noted all references are to the Internal Revenue Code of 1954, 26 U.S.C.A.

2. Section 6501 of the Code provides that taxes shall be assessed within three years of the date a return is filed. Returns filed in advance of the due date are deemed to have been filed on the due date. Taxpayers signed a waiver extending the statute of limitations for 1960 taxes until December 31, 1964. The statute of limitations on 1961 taxes would have run on

April 15, 1965. A valid notice of deficiency tolls the running of the statute.

3. Ninety days from January 4, 1965 is Sunday, April 4. Assuming the date of filing to be the critical date (which was April 5) taxpayers' petition was timely because under section 6213(a) Sunday is not counted as a last day. Of course this whole argument is based on the assumption that January 4, 1965 is a correct starting point.

man, Israelow, & Lipton, 249 Clinton Avenue, Newark, New Jersey. Six other pages of this return also listed that address. Schedule SE of the same return (U. S. Report of Self-Employment Income) listed the Elkins Park address.

In late 1962 or early 1963 revenue agent Nicholas Russo was assigned to audit petitioners' 1961 return. He wrote to taxpayers in care of Goodman et als and was informed that Goodman represented the taxpayers. Russo and Goodman in fact held a conference. On two occasions in 1963 the Newark office of Internal Revenue mailed forms to taxpayers requesting information as to where taxpayers' 1961 tax return was filed and what the taxpayers' address was if different from 67 Clinton Avenue, Millburn. These forms were mailed to 67 Clinton Avenue, Millburn. Joseph Delman responded to the second of these requests and indicated that taxpayers' address was now 1604 Juniper Avenue, Elkins Park, Pennsylvania. In the latter part of 1963 Goodman orally notified Russo of the Elkins Park address.

On two occasions during 1964 Russo prepared a form 872 (extension of the statute of limitations). On both he listed taxpayers' present street address as 1604 Juniper Avenue, Elkins Park, Pennsylvania. On the first occasion the form was sent to Goodman. It was signed by the taxpayers and returned. On the second occasion the form was sent to Cohen. It was signed by the taxpayers but for some unexplained reason was never returned.

On June 2, 1964, a power of attorney was executed by taxpayers in favor of Martin D. Cohen and Edward Goodman and was filed with the Internal Revenue Service. It gave Cohen and Goodman the authority to represent the taxpayers before the Treasury Department in connection with any matter involving federal income taxes with which the petitioners were connected. It requested that a copy of all communications addressed to the taxpayers be sent to Martin Cohen. On November 12, 1964, Russo forwarded an information report to the District Director of Internal Revenue at Philadelphia. It indicated that taxpayers resided at 1604 Juniper Avenue, Elkins Park, Pennsylvania.

The Tax Court found that the Internal Revenue Service acted reasonably in sending the notice c/o Goodman, et als. Our examination of the record indicates that the Tax Court was clearly correct in this conclusion. The taxpayers were successfully reached at this address; they had been reached there before. The Service could reasonably believe that this was the method of communication taxpayers wished it to use. Under these circumstances may the method of service be held inadequate or invalid? We think not.

A resolution of the questions presented by the taxpayers requires at the outset a consideration of two statutory provisions. Section 6212(a) of the Code authorizes the Secretary or his delegate to send a notice of deficiency to the taxpayer by certified or registered mail. Section 6212(b) (1) provides in part:

> In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency * * *, if mailed to the taxpayer at his last known address, shall be sufficient * * * even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

Addressing ourselves to the taxpayers' primary argument, the decision of the Tax Court may be upheld on any of three alternative grounds. (1) The notice of deficiency was in fact sent to taxpayers' last known address within the meaning of the statute. (2) Section 6212(b) (1) is inapplicable to the instant case. (3) Even if the notice were not mailed to taxpayers' last known address and this were required by the statute the instant mailing was not so deficient as to bar the Tax Court's jurisdiction.

Numerous cases have considered the question of whether a notice of deficiency was sent to taxpayer's "last

known address." Few cases, however, have attempted to define what Congress meant by the term. Clark's Estate v. Commissioner of Internal Revenue, 173 F.2d 13 (2nd Cir. 1949) suggests that a notice complies with the statute if it is sent to the address where the Commissioner reasonably believes the taxpayer wished to be reached. Gregory v. United States, 57 F.Supp. 962, 973, 102 Ct.Cl. 642 (1944), cert denied, 326 U.S. 747, 66 S.Ct. 26, 90 L.Ed. 447, states that the term "had reference to the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent." Kisting v. C.I.R., 298 F.2d 264 (8th Cir. 1962) suggests that the last known address may be that of taxpayers' attorney where taxpayer directed that communications be sent. D'Andrea v. C.I.R., 105 U.S.App.D.C. 67, 263 F.2d 904 (1959) makes that point explicitly. Eppler v. Commissioner of Internal Revenue, 188 F.2d 95 (7th Cir. 1951) suggests that under certain circumstances the last known address may be the taxpayer's business address. Petitioner urges that the last known residence address must be chosen.

■ In our view the spirit of the Act would dictate acceptance of the attitude expressed in Clark's Estate, supra. The purpose of the notice of deficiency is to give the taxpayer notice. Commissioner of Internal Revenue v. Stewart, 186 F.2d 239 (6th Cir. 1951); Boren v. Riddell, 241 F.2d 670, 672 (9th Cir. 1957); Commissioner of Internal Revenue v. New York Trust, 54 F.2d 463, 465 (2nd Cir. 1931). By using the phrase "last known address" Congress must have intended that notice be sent to that address where the Secretary (or his delegate) reasonably believed the taxpayer wished notice to be sent. Here the Secretary had two addresses for the taxpayer, both of which were equally suitable. The service had been dealing through the accounting firm even after receipt of the Pennsylvania address. It could reasonably have concluded that the taxpayer wished the communication sent there. This view is strengthened by the fact that the accountant was one of taxpayers' authorized attorneys.

Perhaps the most serious difficulty with this case is the attempt to apply a section of the code which is not applicable. Section 6212(b)(1) was intended to apply only in situations where the Secretary did not have the taxpayer's correct address because of the failure or inability of the taxpayer to notify him of a change. This section was enacted to protect the Secretary in this circumstance and is not a sword to be used by the taxpayer. The language "shall be sufficient" is the first key to this analysis. It immediately suggests that although other means may be equally suitable and, perhaps, even better, the Government is protected if the notice is sent to the last known address. The legislative history of section 6212(b)(1) bears this out.

The remotest predecessor of section 6212(b)(1) was section 281(d) of the Revenue Act of 1926. The language is very close to that found in the current code. Its legislative history suggests that it was enacted to protect the Commissioner who mailed a notice to the taxpayer when, for some reason, a fiduciary had been substituted for the taxpayer without the Commissioner's knowledge. S.Rep. No. 52, 69th Cong., 1st Sess. (1926), 1939–1 Cum.Bull. (part 2) 332, 355; H.R.Rep. No. 356, 69th Cong., 1st Sess. (1926), 1939 Cum.Bull. (part 2) 361, 372–3; Olsen v. Helvering, 88 F.2d 650, 651 (2nd Cir. 1937).

A similar provision was enacted as section 272(k) of the Revenue Act of 1928. The legislative history of this provision indicates that its presence was dictated because of the tendency of taxpayers to change their address without notifying the Commissioner. H.R.Rep. No. 2, 70th Cong. 1st Sess., (1927), 1939–1 Cum.Bull. (part 2) 384, 399; S.Rep. No. 960, 70th Cong., 1st Sess., 1939–1 Cum.Bull. (part 2) 409, 430. Reading together the reports of the

1926 and 1928 Acts it appears that the intention of Congress with respect to the 1928 Act was to expand the 1926 provision to taxpayers generally. See Gregory v. United States, supra. Similar language has been contained in revisions since 1928 and is now found in section 6212(b) (1) of the 1954 Internal Revenue Code.

■ Considering the language of section 6212(b) (1) and its history as just related we think that it is clear that Congress neither in words nor in purpose sought to create a mandatory address to which notices of deficiency must be sent. Rather it attempted to preserve the legislative scheme of notices of deficiency and tax court review. It prevented the taxpayer from frustrating this scheme through failing to notify Internal Revenue of a change in status or address. The Commissioner was entitled to rely on the address in his file even though the taxpayer or his representative could no longer be reached at that address. Thus it is sufficient to send the notice to the taxpayer at his last known address, even though it does not reach him there because of his failure to give notice of a change.

With this analysis in mind it is clear that section 6212(b) (1) does not apply to the instant case. This is not an instance where the service failed to notify the taxpayer because of an unreported change in address or because of a failure by the Service to heed a change in address with the result that the taxpayer was not notified. This forces us back to section 6212(a) which requires that a notice be sent to the taxpayer by registered mail. This was done in the instant case.

Accepting, arguendo, that section 6212 (b) (1) requires notices of deficiency to be sent to taxpayer's last known address and that the notice in the instant case was not, it does not automatically follow, as contended by the taxpayer, that this would operate as a bar to the Tax Court's exercise of jurisdiction.

Courts considering this problem have not been unanimous in their method of treatment. Several courts appear to have proceeded on the assumption that notice to be valid must be sent to the last known address, although the question is not specifically discussed. Maxfield v. Commissioner of Internal Revenue, 153 F.2d 325 (9th Cir. 1946); Luhring v. Glotzbach, 304 F.2d 556 (4th Cir. 1962). One court has impliedly indicated that even if the taxpayer has received actual notice in a timely fashion the notice will be deemed invalid if not sent to the last known address. D'Andrea v. C.I.R., 105 U.S.App.D.C. 67, 263 F.2d 904 (1959). Other courts have concluded that strict compliance with the statute is not required, and that the focus should be on whether the taxpayer had timely actual notice. Commissioner of Internal Revenue v. Stewart, 186 F.2d 239 (6th Cir. 1951). A particularly good discussion is to be found in Olsen v. Helvering, 88 F.2d 650 (2nd Cir. 1937). One case has held that timely receipt of actual notice cures any defect in mailing. Goolsby v. Tomlinson, 246 F.Supp. 674, 675 (S.D. Florida 1965); Cf. Dolezilek v. Commissioner of Internal Revenue, 94 U.S. App.D.C. 97, 212 F.2d 458 (1954).

■ It seems to us that those courts which have adopted the view that mailing of a technically perfect notice of deficiency is not a prerequisite to the jurisdiction of the Tax Court have the sounder approach. It appears that the other courts, as well as the petitioners, herein, have equated the notice of deficiency with the summons and complaint in a civil action. Service of a summons and complaint serves two functions: it provides notice of the institution and nature of an action, and it gives the court jurisdiction over the person of the party served. Technically perfect service is a prerequisite to the court's personal jurisdiction over the party served, although imperfect service may serve the notice function.

■ A notice of deficiency is very different. Its purpose is to notify the taxpayer that a deficiency has been determined against him. Commissioner of

Internal Revenue v. Stewart, supra; Boren v. Riddell, supra; Commissioner of Internal Revenue v. New York Trust Co., supra. The mailing of a notice, unlike the filing of a complaint, does not commence an action in any court. It does not subject the taxpayer to the jurisdiction of the Tax Court. It merely allows the taxpayer, if he so desires, to commence an action in the Tax Court within the statutory period. It is his "ticket". There is no compulsion to use it. The common function of the summons and complaint and notice of deficiency is providing notice. The notice of deficiency does not, however, give the Tax Court jurisdiction over the person of the taxpayer.

 It is true that unless a notice of deficiency is mailed to the taxpayer the Tax Court may not acquire jurisdiction over the cause. Dudley v. Commissioner of Internal Revenue, 258 F.2d 182, 183 (3rd Cir. 1958). This, however, is because the time for filing a petition to the Tax Court depends on when the notice of deficiency was mailed. Section 6213 of the Code. If a notice of deficiency were mailed to an incorrect address and not received by the taxpayer there would naturally be strong reason for determining that no notice was mailed. Where, however, the notice is mailed to a correct, albeit not the last known address, and is received in a timely fashion by the taxpayer or his authorized agent, no statutory scheme or purpose would thereby be violated. The purpose of the notice has been served when it is actually received. The taxpayer has his ticket to the Tax Court and ample opportunity to file a petition for review. In the instant case where no prejudice to the taxpayers is alleged, and where no such finding could be sustained, no statutory purpose or intent would be served by determining that the notice was invalid.

Petitioners' alternative argument must also be rejected. Taxpayers' accountant, and the attorney who ultimately filed the petition to redetermine the deficiency both had knowledge of the deficiency the day after notice was mailed. Taxpayers were promptly notified by their attorney of the notice. There is no argument, nor could there be, that the taxpayers were prejudiced in any way because of the manner in which the notice of deficiency was addressed. Because of this lack of prejudice none of the cases relied upon by the taxpayers in their brief are brought into play. Thus the date of mailing by the Internal Revenue Service commenced the running of the time for filing the petition for redetermination. Taxpayers' petition was out of time and the Tax Court correctly dismissed the petition for this reason.

Although we have rejected all taxpayers' arguments let it not be said that we have thereby deprived them of an opportunity to challenge the validity of this deficiency assessment on the merits. If the taxpayers feel they have a meritorious claim they may, after paying the tax, still have the option of filing a suit for refund in the United States District Court.

Judge SEITZ agrees with the conclusion except that he expresses no opinion with respect to the issue as to whether the mailing of a technically perfect notice of deficiency is a prerequisite to the jurisdiction of the Tax Court.

The decision of the Tax Court will be affirmed.