**August E. SORRENTINO et al.,**
**Plaintiffs-Appellants,**

v.

**A. C. ROSS, United States District Director of Internal Revenue For the District of Georgia, et al., Defendants-Appellees.**

**No. 28724**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 10, 1970.

Joseph B. Bergen, Savannah, Ga., for appellants.

R. Jackson B. Smith, Jr., U. S. Atty., Richard C. Chadwick, Asst. U. S. Atty., Johnnie M. Walters, Asst. Atty. Gen., Savannah, Ga., Lee A. Jackson, Atty., Fred B. Ugast, Acting Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Washington, D. C., Crombie J. D. Garrett, Michael L. Paup, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Taxpayers appeal from a judgment of the District Court granting the Government's motion for summary judgment and dissolving a temporary injunction restraining the collection of unpaid tax assessments for the taxable years 1957 and 1958. Appellants contend that the tax deficiency notice addressed to them was legally insufficient and that a stipulation and subsequent Tax Court consent decision based thereon were invalid for the reason that their counsel who signed the stipulation in their behalf lacked the requisite authority by reason of not having filed with the Tax Court a written power of attorney.

█ We agree with the District Court and affirm.[1]

The record, which includes depositions of taxpayers' accountant and attorney, reveals that the deficiency notice was addressed to taxpayers and forwarded to them in care of their accountant, who was employed by taxpayers to prepare their returns for the tax years in question and who was designated by taxpayer, Mr. Sorrentino, to be the agent to whom all correspondence relative to the 1957–1958 tax years should be sent. The accountant forwarded the deficiency notice to appellants' attorney who was employed by them to seek relief in the Tax Court in respect to their unpaid tax liabilities for the years in question. The petition to the Tax Court for a redetermination was predicated upon the same deficiency notice about which taxpayers complain, was signed by counsel and both taxpayers and the notice was attached thereto. The signed petition of taxpayers states that "The Notice of deficiency * * * was mailed to the petitioners on October 18, 1962." Additional pleadings before the Tax Court bear the signatures of taxpayers and their counsel. With the acquiescence and authority of taxpayers, counsel entered into a stipulation with the Internal Revenue Service whereby counsel was successful in having certain fraud penalties against taxpayers dropped. Based on the stipulation a consent decision was entered by the Tax Court determining the tax liability of taxpayers from which no ap-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526.

peal was taken. Four years later taxpayers filed their complaint with the District Court attacking the manner in which the deficiency notice was forwarded to them and the validity of the stipulation and subsequent Tax Court decision.

The purpose of the deficiency notice is to enable taxpayers to challenge the alleged deficiency in the Tax Court within ninety days before payment is due. Internal Revenue Code of 1954, 26 U.S.C. § 7483; Bauer v. Foley, 2 Cir., 1968, 404 F.2d 1215, 1220. *See also* Berger v. C. I. R., 3 Cir., 1968, 404 F.2d 668, 671. Mailing of the notice to an address where the Commissioner reasonably believes the taxpayers wished to be reached complies with the statute. Delman v. Commissioner of Internal Revenue, 3 Cir., 1967, 384 F.2d 929, 932, cert. denied, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968). The notice was not only received by taxpayers, but their petition for redetermination with the Tax Court, filed within the statutory period, fully accomplished the purpose of the notice. Commissioner of Internal Revenue v. Stewart, 6 Cir., 1951, 186 F.2d 239, 241.

Counsel for taxpayers, having entered his appearance by filing the petition for redetermination with the Tax Court, was empowered to represent taxpayers. The Code of Federal Regulations provides that "The Tax Court has its own rules of practice and procedure and its own rules respecting admission to practice before it. Accordingly, a power of attorney * * * is not required by the Revenue Service in cases docketed in the Tax Court. * * *" 26 C.F.R. § 601.509. *A fortiori,* when the petition has been signed not only by counsel but by taxpayers as well, a formal power of attorney would be superfluous.

We find the issues urged by taxpayers devoid of merit. Even if this were not so, however, taxpayers would be foreclosed by their failure to appeal to this Court from the Tax Court decision. Internal Revenue Code of 1954, 26 U.S.C. § 7483; United States v. International Bldg. Co., 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953); Cook v. United States, 5 Cir., 1940, 108 F.2d 804, 806.

Affirmed.