Paul A. BUTLER and Norma L.
Butler, Plaintiffs,

v.

DISTRICT DIRECTOR OF INTERNAL
REVENUE, Defendant.

Civ. A. No. 73–H–473.

United States District Court,
S. D. Texas,
Houston Division.

Dec. 12, 1975.

See also D.C., 369 F.Supp. 1281.

Paul A. Butler, pro se.

Edward B. McDonough, Jr., U. S. Atty., William L. Bowers, Jr., Asst. U. S. Atty., Houston, Tex., for defendant.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

CARL O. BUE, Jr., District Judge.

This matter having been tried before the Court on November 19, 1975 without a jury, the Court makes the following findings of fact and conclusions of law.

FINDINGS OF FACT

1. This action was brought by Paul A. Butler and Norma L. Butler to enjoin the defendant District Director from collecting an assessment of income taxes

made against them for the taxable year 1969.

2. The plaintiffs invoke jurisdiction under 26 U.S.C., Sections 6212(a) and 6213(a) and 28 U.S.C., Section 1340.

3. The parties submitted separate pre-trial orders in which substantially all of the following facts in this proceeding were stipulated, and the Court determined these facts were true and correct when this case came on for trial.

A. In August of 1971, Revenue Agent Robert E. Estill of the Houston, Texas office of the Internal Revenue Service was assigned the 1969 income tax return of the plaintiffs, Mr. and Mrs. Butler, for examination. On August 25, 1971, Revenue Agent Estill sent a form letter to the Butlers at 3317 Montrose, Houston, Texas, setting an appointment for September 10, 1971, in order to examine the 1969 tax return and related records.

B. Revenue Agent Estill had discovered the Montrose address as follows. When he was unable to find the taxpayers listed in the white pages of the telephone book, he checked with the downtown Houston Post Office. Mr. and Mrs. Butler had filed a change of address card showing a change of address from 1435 Campbell Road, Houston, Texas 77055 to 6060 Skyline Drive, Houston, Texas 77027. Accordingly, Revenue Agent Estill then went to the Highland Village postal substation on August 25, 1971. Mr. and Mrs. Butler had filed a change of address card for them and their children showing a change of address from 6060 Skyline # 134, Houston, Texas 77027 to 3317 Montrose, Houston, Texas 77006, effective May 31, 1971.

C. The aforementioned letter of August 25, 1971 had been sent by certified mail, return receipt requested. This letter was received on August 26, 1971 by one Jo Tinkle who signed the postal receipt in the space provided for "signature of addressee's agent, if any" and placed the name "Paul Butler" on the receipt to indicate she was receiving the letter on his behalf. The postal receipt further indicated that the letter was delivered at "3317 Montrose # 300" and that the date of delivery was "8–26–71." This receipt was mailed back to Revenue Agent Estill.

D. The letter of August 25, 1971 had requested Mr. and Mrs. Butler to advise Revenue Agent Estill if the appointment date of September 10, 1971 was inconvenient in order for a new date to be scheduled. Revenue Agent Estill received no response to his letter and Mr. and Mrs. Butler did not show up for the appointment. (Mr. Butler maintains that he did not receive the letter.) Accordingly, on October 1, 1971, Revenue Agent Estill mailed a second letter by certified mail, return receipt requested, to Mr. and Mrs. Butler at the Montrose address seeking to arrange a second appointment. This letter was returned on or before October 5, 1971, marked "Moved, Left No Address."

E. On October 5, 1971, Revenue Agent Estill visited 3317 Montrose # 300 and determined that the Montrose address was an answering service and mail service. Mr. Butler terminated this answering and mail service as of September 1, 1971, by a letter dated August 30, 1971, which advised that "due to circumstances beyond my control" he had to cancel the service as of September 1, 1971, and which requested that all mail be returned to the person sending it with the notation "MOVED—LEFT NO ADDRESS." Revenue Agent Estill inquired whether Mrs. Tinkle was aware of any place where Revenue Agent Estill could reach Mr. Butler, and she replied no, that she was under the impression that Mr. Butler had gone out of the state on business.

F. On October 6, 1971, Revenue Agent Estill checked with the local registry for private duty nurses to see if Mrs. Butler was listed, but she was not listed. He then checked with the State of Texas Registry for Registered Nurses and Mrs. Norma Lynne Yunit Butler (the plaintiff herein) was listed with an address of 3317 Montrose # 300, Houston, Texas.

G. Being unsuccessful in his attempts to locate the taxpayers through this device, Revenue Agent Estill checked with the Service Center to determine whether the taxpayers had filed any subsequent returns which would indicate that there was some other address at which he could reach Mr. and Mrs. Butler. Mr. and Mrs. Butler had filed a return for 1970 listing as their address 6060 Skyline, Apartment No. 134, Houston, Texas 77027. This return had been filed on February 22, 1971.

H. In light of having learned of the above facts and without the opportunity to interview Mr. and Mrs. Butler, Revenue Agent Estill proceeded to complete his examination. The result was the issuance of a statutory notice of deficiency on February 1, 1972, for a deficiency of $5,041.21 and an addition of tax under Section 6653(a) of the Internal Revenue Code of 1954 of $252.06. The notice was mailed by certified mail on February 1, 1972 to Mr. and Mrs. Butler at 1453 Campbell Road, Houston, Texas 77055, the address reported on their 1969 income tax return, the income tax return which was under audit and for which a statutory notice of deficiency was issued. The Post Office forwarded the statutory notice of deficiency along to 3317 Montrose and the statutory notice of deficiency was then mailed back to the Internal Revenue Service with Post Office Notations of "RETURNED TO WRITER" and "MOVED, LEFT NO ADDRESS." Revenue Agent Estill directed that the statutory notice of deficiency be mailed to the Campbell Street address because he felt that this was as well suited an address for the issuance of the statutory notice of deficiency as the Skyline address for which the taxpayers had filed a change of address card or the Montrose address for which the taxpayers had terminated the mail service. Revenue Agent Estill was not aware of any clear and concise notification by Mr. and Mrs. Butler concerning a definite change of address to which they wished any correspondence regarding their 1969 income tax return to be sent. Accordingly, he felt that it was reasonable for him to rely upon the address stated on the 1969 return which was being audited.

I. Mr. and Mrs. Butler did not receive the statutory notice of deficiency. They did not file a petition in the Tax Court for a redetermination of the deficiency within 90 days from the issuance of this statutory notice of deficiency. Accordingly on June 19, 1972, an assessment of $5,951.94 was made against Mr. and Mrs. Butler for the 1969 tax year.

J. Subsequently the assessment was partially abated by the amount of $19.43 as the result of the Internal Revenue Service reexamining the matter when Mr. Butler complained that he had never had an opportunity for meeting with Internal Revenue Service personnel.

4. Apart from the stipulation of facts by the parties herein, the Court makes the following findings of facts from the testimony of Mr. Butler and other evidence presented by the defendant.

A. The defendant, through Revenue Agent Estill, could have mailed the statutory notice of deficiency to three equally suitable addresses, namely, the Campbell Street address (to which the statutory notice was sent), the Skyline address, or the Montrose address which was the mail service the taxpayers had maintained but had terminated after the audit had commenced. If the statutory notice of deficiency had been mailed to the Skyline address, it would have been forwarded to the Montrose address by the Post Office Department.

B. Plaintiffs failed to file a change of address card with the Post Office Department showing a change of address from 3317 Montrose # 300 to a new address, nor did they notify the Internal Revenue Service of their new address.

C. The statutory notice of deficiency was mailed to the plaintiffs before they filed their income tax return for 1971.

D. Revenue Agent Estill reasonably believed that the Butlers wished him to use the address shown on their 1969 return in sending mail to them regarding their 1969 income taxes.

E. If Revenue Agent Estill had sent the statutory notice of deficiency to the Skyline address, Mr. and Mrs. Butler, who no longer resided at that address, would not have received the statutory notice of deficiency, and it was not unreasonable for Revenue Agent Estill to conclude that the statutory notice of deficiency should be sent to the address shown on the return which was being audited.

## CONCLUSIONS OF LAW

1. Under 26 U.S.C., Section 6212(b)(1) the defendant was required to send the statutory notice of deficiency to the plaintiffs at their "last known address."

2. The burden of proof is upon the taxpayer to establish by the greater weight of the evidence that the defendant was negligent in mailing the notice of deficiency. *Gregory v. United States*, 57 F.Supp. 962, 972, 102 Ct.Cl. 642 (1944), cert. denied, 326 U.S. 747, 66 S.Ct. 26, 90 L.Ed. 447 (1945).

3. The law in the Fifth Circuit is that "Mailing of the notice to an address where the Commissioner reasonably believes the taxpayers wished to be reached complies with the statute. *Sorrentino v. Ross*, 425 F.2d 213 (5th Cir. 1970). *See Delman v. Commissioner of Internal Revenue*, 3 Cir., 1967, 384 F.2d 929, 932, cert. denied, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968)."

4. In the *Delman* case, *supra*, cited favorably by the Fifth Circuit in the *Sorrentino* case, *supra*, the Third Circuit noted that "the Secretary had two addresses for the taxpayer, both of which were equally suitable." 384 F.2d at 932.

5. The defendant in this case could have mailed the statutory notice of deficiency to either 1435 Campbell Road, Houston, Texas or 6060 Skyline # 134, Houston, Texas, or 3317 Montrose # 300, Houston, Texas.

6. By the preponderance of evidence the Court concludes that the defendant reasonably believed, as a matter of law, that the taxpayer wished notice to be sent to the address shown on the tax return being audited.

7. As stated in the *Delman* case, 384 F.2d at 932:

Section 6212(b)(1) was intended to apply only in situations where the Secretary did not have the taxpayer's correct address because of the failure or inability of the taxpayer to notify him of a change. This section was enacted to protect the Secretary in this circumstance and is not a sword to be used by the taxpayer.

8. As stated in *Daniel Lifter*, 59 T.C. 818 (1973):

Other than the address given on their return for 1968, [the Revenue Agent] received no instructions from the petitioners as to how they should be reached regarding an audit of that return. Clearly, the addresses set forth in their subsequent returns did not constitute a direction as to the address to be used to reach them regarding the 1968 return. *Culver M. Budlong*, 58 T.C. 850 (1972); *Joseph Marcus*, 12 T.C. 1071 (1949). Since the petitioners had given the 125th Street address on their return and given no directions as to what address should be used in connection with such return, [the revenue agent] chose to send the original of the notice to them at that address. * * * When all of these circumstances are considered, one surely cannot say that [the revenue agent] acted negligently. See *Arlington Corp. v. Commissioner*, 183 F.2d 448 (6th Cir. 1950). It might have been reasonable for him to adopt a different course—for example, to send the notice to the petitioners at their residence on Collins Avenue, but surely it must be recognized that there was reason for the course that he adopted.

9. The plaintiffs have failed to carry their burden of proof, the preponderance of evidence being instead in favor of the defendant.

10. Indeed, it is clear that the failure to receive the notice of deficiency arose from the plaintiffs' cancellation of the

mail service at the Montrose address and that, at the very least, the plaintiffs were negligent in not leaving a forwarding address at which their business correspondents, including the Internal Revenue Service, could reach them, and this is sufficient grounds to deny them relief. *Gregory v. United States, supra,* 57 F.Supp. at 975.

11. Accordingly, this Court concludes that the defendant sent the statutory notice of deficiency to the taxpayers' last known address and that the statutory exception to the Anti-Injunction Act upon which the plaintiffs rely, 26 U.S.C., Sections 6212(a) and 6213(a), is inapplicable, and that the plaintiffs are barred by their conduct from seeking injunctive relief from this Court.

12. The plaintiffs have also sought to attack the underlying merits of the assessment, but this Court is clearly without jurisdiction to consider this claim by reason of the Anti-Injunction Act. *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

13. The plaintiffs are, however, not without remedy since they have the alternative remedy of paying the tax assessed against them and suing for a refund. 26 U.S.C., Section 7422.

The Court, therefore, finds for the defendant and against the plaintiffs. A proper judgment will be entered ordering that this action be dismissed with prejudice as to the plaintiffs' claim that the statutory notice of deficiency was not sent to their last known address but without prejudice to their litigating the merits of the tax assessment in any refund action. The judgment shall award the defendant his costs.