493 F.Supp. 780 (1980)
Cathy Surwillo AUSTIN, Plaintiff,
v.
Richard C. VOSKUIL, District Director, Internal Revenue Service, Defendant.
No. 79-1297-C(3).
United States District Court, E. D. Missouri, E. D.
May 14, 1980.
Edward R. Joyce, St. Louis, Mo., for plaintiff.
Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM OPINION AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on plaintiff's motion for a preliminary injunction to prevent the Internal Revenue Service from enforcing federal tax liens against her property. Plaintiff's argument is that the notices of tax deficiencies were not made in accordance with the provisions of 26 U.S.C. §§ 6212 and 6213, and that the assessments of tax deficiencies and subsequent levy action are therefore invalid.
Plaintiff originally moved only for a temporary restraining order and a preliminary *781 injunction. She then withdrew her motion for a temporary restraining order and moved additionally for a permanent injunction. Both of these motions were ordered consolidated and a single hearing was held on the matter.
The Court notes at the outset that it has jurisdiction to entertain this injunction suit despite the provision of 26 U.S.C. § 7421(a), which prohibits suits to enjoin the collection of federal taxes. Because this matter involves the question of adequacy of the statutory notice of assessment, it comes within the exception to the anti-injunction provision of § 7421(a). See, 26 U.S.C. § 7421; 26 U.S.C. §§ 6212(a), 6213(a).
This action was precipitated by the actions of the United States in levying upon and seizing plaintiff's residence at 13737 Tesson Ferry Road in St. Louis County, Missouri, in its efforts to satisfy tax liens that grew out of assessments made against plaintiff. The assessments were made against plaintiff for taxes allegedly due from the years 1972 and 1973. The sole issue in this lawsuit is whether the United States gave plaintiff proper notice of those assessments pursuant to 26 U.S.C. §§ 6212 and 6213. For the reasons stated below, the Court is of the opinion that the notice is invalid and that the activities of the United States to collect the money allegedly due must therefore be enjoined.
Plaintiff is an individual citizen of the United States residing in the Eastern District of Missouri. Her legal residence is 13737 Tesson Ferry Road, St. Louis County, Missouri 63128. She was first married in 1969, at which time she moved from her parents' residence. Subsequent to that time her parents, John and Virginia Surwillo, moved to 308 Hoffmeister, St. Louis, Missouri 63125. Plaintiff Cathy Surwillo Austin has never resided at the 308 Hoffmeister address. In 1972, 1973, 1974, 1975 and part of 1976 her name was Cathy Surwillo, although she did not use that name in all circumstances.
Cathy Surwillo filed a 1972 United States Individual Income Tax Return, Form 1040, with the Office of the Internal Revenue Service in Kansas City, Missouri. At that time she resided at 6747 Walsh Avenue, St. Louis, Missouri 63109 and listed that address as her home on her return. No other address was provided. In the same manner, plaintiff filed her 1973 United States Individual Income Tax Return, Short Form 1040A under the name Cathy Surwillo from the same home address, 6747 Walsh Avenue, St. Louis, Missouri 63109.
In October of 1974 plaintiff moved from the 6747 Walsh address. She did not notify the U.S. Post Office or the U.S. Internal Revenue Service of the abandonment of that address or the acquisition of a new address. At that time she moved to a home near Cedar Hill, in Jefferson County, Missouri, where she resided until May of 1975. In May, 1975 plaintiff purchased a home at 252 Wachtel, St. Louis, Missouri 63125, but did not list the house in the name Cathy Surwillo. Rather, because of personal problems arising out of a different lawsuit which had some attendant notoriety, she took title in her former married name of Cathy William. During this time, however, she used the name Cathy Surwillo in her automobile title and Missouri driver's license.
Plaintiff filed a 1975 United States Individual Income Tax Return, Form 1040, with the Office of the Internal Revenue Service at St. Louis, Missouri on or about March 5, 1979. On that form Cathy Surwillo's address is listed as 13737 Tesson Ferry Road, St. Louis, Missouri 63128.
Plaintiff never resided with her parents at 308 Hoffmeister, St. Louis, Missouri 63125. Nor did she ever authorize that address to be a place through which she could be reached. Also, she never indicated in any manner to the Internal Revenue Service that she would receive any mail at that address.
Warren Vandeven, an Internal Revenue Service Auditor, was assigned to audit plaintiff's 1972 tax year. He sent a letter to the plaintiff addressed to "Cathy Surwillo, 6747 Walsh, St. Louis, Missouri, 63109" requesting an appointment with her for audit *782 purposes. The letter was returned to Vandeven on December 15, 1975 by the United States Post Office stamped "Moved, left no address". After that time, Internal Revenue Auditor Charles Goersch was assigned to complete the audit of plaintiff's 1972 tax year. On January 19, 1976 he mailed correspondence to the plaintiff addressed to "Cathy Surwillo, 6747 Walsh, St. Louis, Missouri 63109". That correspondence was returned to Auditor Goersch by the United States Post Office marked "Moved, left no address". Also, Auditor Goersch initiated the audit of plaintiff's 1973 tax year.
During this time efforts were being made by I.R.S. employees to locate the plaintiff in order to communicate with her in regard to her tax problems. Their efforts were fruitless, even though plaintiff only once left the greater St. Louis metropolitan area for a stay of a few months in Florida during the years in question. (Her home near Cedar Hill was very near the St. Louis County line in Jefferson County, Missouri.) As noted above, however, she did not always go by the name "Cathy Surwillo". Additionally, the record shows clearly that there was considerable tension between plaintiff and her parents because of publicity concerning the lawsuit mentioned above, which is not directly related to the instant tax matter. She was, in fact, estranged from her parents and brothers and sisters from mid 1974 until mid 1977.
Nonetheless, certain I.R.S personnel, through the use of a telephone directory, located John and Virginia Surwillo at their 308 Hoffmeister address, where they lived with six other of their children. Here the testimony is greatly divergent. The I.R.S. agents claim that Cathy's mother, Virginia Surwillo, agreed to take the mail they were attempting to send Cathy, noting that she would put Cathy's mail in a basket in the front hallway of their home for her to pick up. At the hearing, however, this was denied. Virginia Surwillo testified that Cathy did not take any mail from the house from mid 1974 until mid 1977, after she (Cathy) had been personally contacted by an I.R.S. agent concerning correspondence he had sent in January, 1977. Virginia Surwillo testified further that, although she spoke to various I.R.S. personnel regarding Cathy, she never agreed to take Cathy's mail for her and, furthermore, that her home at 308 Hoffmeister did not even have a front hallway or basket. This particular confusion is not material to the resolution of this injunctive action, however, because absent any indication from Cathy, Virginia Surwillo had no authority to accept mail, much less statutory notices, on her behalf. Pertinent to this particular issue, the Court notes again that Cathy Surwillo never lived with her parents at the 308 Hoffmeister address, a residence they purchased subsequent to her 1969 marriage. Furthermore, she was out of touch with her parents from mid 1974 until mid 1977. She never authorized her mother to accept her mail during that time, nor did she make any such indication to the I.R.S. Additionally, she never received actual notice of the communications sent to her by the I.R.S. at either the 6747 Walsh or the 308 Hoffmeister address.
During 1975, 1976 and 1977 plaintiff held motor vehicle titles in the name of Cathy Surwillo and listed her address thereon, as well as on her Missouri Operator's License, as 252 Wachtel Drive, Lemay, Missouri 63125. This address is within the same post office substation as her parents' 308 Hoffmeister address. She also had an account at the Lemay Bank and Trust in Lemay, Missouri in the name of Cathy Surwillo from 1970 until and including the time of the hearing in this matter.
On December 9, 1976, Revenue Officer Gary DeBlois was assigned the plaintiff's 1972 delinquent income tax account for collection. On that date he sent Internal Revenue Service Form 4759, "Request for additional information in accordance with the Postal Manual", to the Postmaster at Lemay, Missouri 63125. On the form he requested clarification whether the 308 Hoffmeister address was proper for Cathy Surwillo. That form was returned to Agent DeBlois with the "Good as Addressed" box marked. This indication was, however, incorrect. While there were six Surwillo children *783 living at the 308 Hoffmeister address at that time, Cathy was not among them. And, as noted above, she was not even in contact with them. The information from the Lemay Post Office branch was in error.
On March 1, 1976, and within the statutory period of limitations for assessment, 26 U.S.C. § 6501(a), a timely statutory notice of deficiency for income tax and addition to tax pursuant to 26 U.S.C. § 6653(a) for the tax year ending December 31, 1972 was mailed to plaintiff. This 1972 statutory notice was addressed and mailed to "Cathy Surwillo, c/o Virginia Surwillo, 308 Hoffmeister, St. Louis, Missouri 63125". There is indication on the copy of this notice that was supplied to the Court (Joint Exhibit 4) that it was sent by certified mail. Nonetheless, there is no indication that this notice was actually received by Cathy Surwillo or by anyone on her behalf. This statutory notice was not sent to Cathy Surwillo's last known address, which was the 6747 Walsh address; nor did she receive actual notice of the deficiency.
On December 13, 1976, and within the statutory period of limitations for assessment, 26 U.S.C. § 6501(a), a timely statutory notice of deficiency for income tax and addition to tax pursuant to 26 U.S.C. § 6653(a) for the tax year ending December 31, 1973 was mailed to plaintiff. This 1973 statutory notice was addressed and mailed to "Cathy Surwillo, c/o Mr. and Mrs. John Surwillo, 308 Hoffmeister, St. Louis, Missouri 63125". There is also indication on the copy of this notice that was supplied to the Court (Joint Exhibit 5) that it was sent by certified mail. There is no indication, however, that this 1973 notice was received by Cathy Surwillo or by anyone on her behalf. And like the 1972 statutory notice, this 1973 notice was not sent to the last known address of Cathy Surwillo; nor did she receive actual notice of the deficiency. It was returned to the St. Louis Audit Division, Internal Revenue Service on January 5, 1977 marked "unclaimed" by the United States Post Office.
Having failed to receive the notices of deficiency for 1972 and 1973, Cathy Surwillo did not petition the United States Tax Court for redetermination within the ninety day period from the mailing of each notice, pursuant to 26 U.S.C. § 6213(a). Consequently, assessments were made on default for both years and the attachment action against her property at 13737 Tesson Ferry Road eventually resulted.
In summary, the Internal Revenue Service, St. Louis District, mailed the following correspondence to the plaintiff in care of one or both of her parents at their residence at 308 Hoffmeister, St. Louis, Missouri 63125:

Date Letter
January 5, 1976 "30-day letter" (explanation of
 recommended 1972 tax changes)
January 22, 1976 Follow-up letter
March 1, 1976 Statutory notice of deficiency
 for 1972
September 16, 1976 "30-day letter" (explanation of
 recommended 1973 tax changes)
October 6, 1976 Follow-up letter
December 13, 1976 Statutory notice of deficiency
 for 1973.

With the exception of the last letter (the statutory notice of deficiency for 1973 mailed December 13, 1976), none of the mail directed to plaintiff at the 308 Hoffmeister address appears in the file.
The sole issue in this lawsuit is the adequacy of notice to the taxpayer concerning the notices of deficiency for the 1972 and 1973 tax years. In that regard, certain features of the scenario set forth above become clear. First, it is obvious that Cathy Surwillo never lived at 308 Hoffmeister. Second, she never authorized anyone at that address to accept any mail for her during the period of time in question. Nor did she ever indicate as much to the I.R.S. or any of its agents. Third, plaintiff never in fact received the notices of deficiencies for her 1972 or 1973 tax years. And fourth, the I.R.S. did not actually locate the plaintiff, although it found her parents. The last known address the service had for plaintiff was therefore the 6747 Walsh address, as provided by her on the returns for 1972 and 1973. In the belief that plaintiff had left the 6747 Walsh residence, none of the I.R.S. *784 agents mailed any statutory notices of deficiency to the plaintiff at that address.
Title 26 U.S.C. § 6212 provides in pertinent part as follows:
(a) If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B . . ., he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.
(b) In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of deficiency in respect of a tax . . ., if mailed to the taxpayer at his last known address, shall be sufficient . . . even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.
Title 26 § 6213(a) provides as follows:
(a) Time for filing petition and restriction on assessment.  Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.
The United States does not seriously dispute the fact that plaintiff did not designate the 308 Hoffmeister address for receipt of mail or that she did not ever reside there. Indeed, the parties have stipulated to many of the facts in this case. Rather, the United States argues that the notices were not ineffective because they were sent to the address where the I.R.S. reasonably believed the taxpayer wished to be reached, citing, inter alia, United States v. Ahrens, 530 F.2d 781 (8th Cir. 1976).
In Ahrens, however, the facts are significantly different from ours. In that case the statutory notice was sent to the taxpayer's attorney rather than to him. The Eighth Circuit held this to be adequate under the circumstances, saying that "notice is sufficient if it is sent to the address where the Commissioner reasonably believed the taxpayer wished to be reached." United States v. Ahrens, supra, 530 F.2d at 785, citing Sorrentino v. Ross, 425 F.2d 213, 215 (5th Cir. 1970); Delman v. Commissioner, 384 F.2d 929, 932 (3rd Cir. 1967), cert. denied 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968). The circumstances of the Ahrens case include the fact that he was, at the time of notice, in Vietnam, and the crucial fact that the lawyer to whom the notice was sent held a duly executed power of attorney to represent the taxpayer before the I.R.S. with respect to the tax year in question. In our case there is no such indication from the taxpayer. Rather, there is very strong evidence showing that plaintiff was estranged from her parents and the rest of her family at the 308 Hoffmeister address. She gave no one authority, formally or otherwise, to receive mail for her.
Similarly, in the Sorrentino and Delman cases, supra, the facts differ from our case. In both of those situations the taxpayer himself had either designated to the I.R.S. that his accountant should be the agent to whom all correspondence regarding the tax years in question should be sent, Sorrentino v. Ross, supra, 425 F.2d at 214, or had executed a power of attorney in favor of the accountant whose office had received the notice. Delman v. Commissioner, supra, 384 F.2d at 930-931. Additionally, in Delman *785 the taxpayer had listed the accountant's office address as his home address on one of the tax returns in question. Again, in our case there is simply no indication from the taxpayer that anyone else had the authority to receive correspondence for her regarding her taxes, or that there was any known address other than that of her 1973 tax return. And despite the fact that the I.R.S. had some indication that the taxpayer was no longer at the 6747 Walsh address at the time of the sending of the statutory notices of deficiency, a mailing to that address as the "last known address" would have been adequate notice, assuming the I.R.S. had no other address for her at the time. That the taxpayer would not have received actual notice would not have been relevant. See United States v. Ahrens, supra, 530 F.2d at 785; Brown v. Lethert, 360 F.2d 560, 562 (8th Cir. 1966).
As noted above, the United States contends that the plaintiff's mother represented to the I.R.S. that she would accept mail on Cathy Surwillo's behalf. The United States concedes, however, that no caselaw exists which holds that a third party may properly indicate that such third party has capacity or authority to accept statutory notices on behalf of a taxpayer. Also, this Court's own independent inquiry has revealed no such authority.
The United States cites to the Court the case of United States v. Lehigh, 201 F.Supp. 224 (W.D.Ark.1961), dismissed on motion of appellant, 305 F.2d 377 (8th Cir. 1962) as being very similar to the issue of a third party acceptance of notice on behalf of the taxpayer. In that case, however, it was again the taxpayer himself who gave the I.R.S. the indication that he could be reached through his father; and the father who later inadvertently gave an incorrect version of his son's Venezuelan address when the I.R.S. requested it because the agent wanted to serve notice by sending it to both the father's Arkansas address and the son's address. In finding that the service of notice was proper, District (now Circuit) Judge Henley noted that the Service had sent one of the notices to the taxpayer's father, which the father had forwarded to the son via his correct Venezuelan address, and that the son had actually received that copy. Significantly, Judge Henley noted that the taxpayer
also advised the treasury that "Any discussion of this case may be taken up with my father, Charles Lehigh at 1415 West Main, El Dorado, Ark." The 1953 return was filed on June 15, 1954, at a time when defendant was in the United States. The address given on the return was 1415 West Main St., El Dorado, Arkansas, which was also the address of defendant's father. United States v. Lehigh, supra, 201 F.Supp. at 226 n.1.
The 1415 West Main address was the one to which the I.R.S. sent the notice which was at issue in the case.
Hence, despite the problems with the last known address of the taxpayer in regard to his Venezuelan address and the mistake in addressing the second notice, several indicia were present in the Lehigh case to show that the taxpayer wished to be reached through his father's El Dorado, Arkansas address. This Court, therefore, does not find the Lehigh case persuasive in favor of the Government's side in the instant case. Additionally, the Court notes that the outcome in Lehigh which was favorable to the taxpayer resulted from the inadequacy of the contents of the notice and not from its service.
The Court concludes, therefore, that the statutory notices to Cathy Surwillo in regard to her tax years in question were improper. The I.R.S. did not have a proper current address for the taxpayer, nor did the Service actually locate her to serve the notices. Also, they were not sent to her last known address, nor did she actually receive them. The mailing of the statutory notices to her parents did not satisfy the notice provisions of 26 U.S.C. §§ 6212(a) or (b), or 6213, because, for the reasons stated herein, it was not an address at which the I.R.S. could have reasonably believed the taxpayer wished to be reached. Accordingly, a judgment and an injunction will be entered in favor of plaintiff Cathy Surwillo *786 Austin, and the defendant will be enjoined from its actions to collect money allegedly due it as set forth in the defective notices of deficiency.
The Court adopts the foregoing as its findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52.

JUDGMENT
This matter is before the Court after a hearing on the merits of plaintiff's complaint in which she seeks to enjoin defendant from actions to collect taxes allegedly due.
After consideration of the matter, and in accordance with the Memorandum filed this day and incorporated herein,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff shall have judgment against defendant on her complaint, at defendant's costs.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant, his agents and employees, be and are PERMANENTLY ENJOINED from selling plaintiff's property at 13737 Tesson Ferry Road, St. Louis County, Missouri on account of tax deficiencies assessed for the tax years 1972 and 1973; and
IT IS FURTHER ORDERED that defendant, his agents and employees, shall abate the deficiency assessments against plaintiff for the years 1972 and 1973 and release the tax liens filed against plaintiff in the Office of the Recorder of Deeds, St. Louis County, Missouri, for the additional taxes assessed for 1972 and 1973.