Harvey **GOODSON** and Noreen **Goodson, Plaintiffs,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

No. 84-CV-3768.

United States District Court, E.D. New York.

Sept. 12, 1985.

Martin B. Adelman, New York City, for plaintiffs.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., Kenneth C. Brown, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiffs Harvey and Noreen Goodson, husband and wife, bring this action pursuant to 26 U.S.C. § 7422 [1] seeking a refund of allegedly unlawfully assessed or collected taxes. Plaintiffs have moved this Court for an order granting them summary judgment on their claims against defendant Commissioner of Internal Revenue (hereinafter "IRS"). For the reasons set forth below, plaintiffs' motion is denied.

*Facts*

The sole question presented by this action is whether the defendant mailed a notice of deficiency for the year 1975 to the taxpayers' "last known address" within the meaning of 26 U.S.C. § 6212(b)(1) [2] so as to require them to petition the United States Tax Court for redetermination within 90 days of such mailing. Many of the facts underlying this action are not disputed by the parties and are relevant to the determination of whether the IRS complied with the notice requirements of § 6212.

When plaintiffs filed their joint federal income tax return for the year 1975, they indicated 3030 Emmons Avenue, Brooklyn, New York 11235 as their address. Defendant thereafter questioned certain deductions claimed on the 1975 return, and the parties negotiated with each other regarding plaintiffs' tax liability for that year. These negotiations included several extensions of the applicable civil statute of limitations, the last of which expired on December 31, 1980. During that period of time, plaintiffs' then tax representative, Edward M. Kaplan, Esq., filed a Power of Attorney with defendant dated July 26, 1977, which requested that copies of all notices and other written communications issued by the defendant be sent to him as well.

In or about mid-October 1977, plaintiffs moved from Brooklyn to 18 Tide Way, Kings Point, New York 11024, located in Nassau County. On their tax returns for the years 1977, 1978 and 1979, plaintiffs listed the Kings Point address as their current place of residence.

On June 13, 1980, defendant mailed a notice of deficiency for the 1975 tax year to plaintiffs at the Emmons Avenue address. The notice stated that unless plaintiffs petitioned the Tax Court for redetermination of their tax liability within 90 days of the mailing date (June 13, 1980), the defendant would assess and bill plaintiffs in the amount of $12,458 for the period ending

1. 26 U.S.C. § 7422 provides in relevant part:
   § 7422. *Civil actions for refund*
   (a) *No suit prior to filing claim for refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have bveen erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary of his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

2. 26 U.S.C. § 6212 provides in pertinent part:
   § 6212. *Notice of Deficiency*
   (a) *In general.*—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, 44, or 45, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

   (b) *Address for notice of deficiency.*—
   (1) *Income and gift taxes and certain excise taxes.*—In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, chapter 44, or chapter 45, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, chapter 44, chapter 45, and this chapter even if such taxpayer is deceased, or is under a legal disability, or in the case of a corporation, has terminated its existence.
   (2) *Joint income tax return.*—In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

December 31, 1975. It is undisputed that plaintiffs never received this notice of deficiency;[3] nor was one sent to their representative, Mr. Kaplan. Consequently, plaintiffs did not file a timely petition for redetermination with the Tax Court.

Plaintiffs' contention that the defendant failed to comply with the "last known address" requirement of § 6212 rests upon two bases. First, plaintiffs urge that at the date of the mailing of the notice of deficiency, defendant's Service Center in Holtsville, New York, had actual knowledge that plaintiffs had moved to the Kings Point address because the Service Center had communicated with plaintiffs at that address in writing several times during 1979, and that address was also noted on plaintiffs' 1977, 1978 and 1979 returns.[4] Second, plaintiffs urge that defendant's District Director (for the Brooklyn District) also had knowledge of plaintiffs' new address based on written communications received from that office in January 1980 and May 1980.[5] The defendant admits that the Service Center and District Director mailed such correspondence to plaintiffs, but denies that any information possessed by either entity constitutes "knowledge" of plaintiffs' Kings Point address within the meaning of § 6212(b).[6]

*Discussion*

Pursuant to 26 U.S.C. § 6212(b)(1), a taxpayer's "last known address" is the "last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which *all* communications during such period should be sent." *Weinroth v. C.I.R.*, 74 T.C. 430, 435 (1980) (citations omitted) (emphasis in original). "It is the address to which, *in light of all the surrounding facts and circumstances,* the respondent *reasonably believed* the taxpayer

wished the notice to be sent." *Id.,* citing *Delman v. C.I.R.,* 384 F.2d 929 (3d Cir. 1967) (emphasis added). Section 6212(b)(1) was intended to apply where IRS "did not have the taxpayer's correct address because of the failure or inability of the taxpayer to notify [it] of a change. This section was enacted to protect [IRS] in this circumstance and is *not* a sword to be used by the taxpayer." *Delman, supra,* 384 F.2d at 932.

■ Furthermore, the burden is upon the taxpayer to provide the Commissioner "with clear and concise notification of the new address." *Weinroth, supra,* 74 T.C. at 435. If the IRS has not been so notified, the IRS "is entitled to rely on the address listed on the taxpayer's return for the year for which the notice of deficiency is being issued as the taxpayer's last known address." *Id.* at 435–36 (citations omitted). The taxpayer also has the burden of proving that the IRS acted negligently in mailing the notice of deficiency. *Butler v. District Director,* 409 F.Supp. 853, 856 (S.D. Tex.1975). The Commissioner of the IRS, however, also "is bound to exercise reasonable diligence in ascertaining the taxpayer's address." *Alta Sierra Vista, Inc. v. Commissioner,* 62 T.C. 367, 374 (1974), aff'd, 538 F.2d 334 (9th Cir.1976).

■ In the instant case, the taxpayers have failed to sustain their burden of proving that there exists no genuine issue of any material fact pertaining to the notice requirements described above. While it is undisputed that plaintiffs' post-1976 tax returns listed the Kings Point address, courts have held that the IRS is *not* chargeable with knowledge of a new address listed on subsequent returns filed in the same Service Center as a disputed return; such filing does not constitute "clear and concise"

---

**3.** It is conceded that defendant has no proof that the June 13, 1980 notice of deficiency was delivered to or received by plaintiffs.

**4.** *See* plaintiffs' 3(g) Statement at ¶ 12, and Exhibits D, G.

**5.** *See* plaintiffs' 3(g) Statement at ¶ 13 and Exhibit H.

**6.** *See* defendant's Statement of Material Facts at ¶¶ 12–13. The defendant argues that notification of a new address to the Holtsville Service Center, to which tax returns are sent, does not constitute notice to the District Director, in Brooklyn, who issues notices of deficiency.

515

notice, by a taxpayer, of a change of address. *See, e.g., Wagner v. United States,* 473 F.Supp. 276, 279 n. 8 (E.D.Pa.1979). *See also Atta Sierra Vista v. Commissioner, supra,* 62 T.C. at 376–77 (notice to Service Center of change of address with respect to other returns does not constitute notice to District Director with respect to notice of deficiency for a different tax year). While one court has recently held that the subsequent filing of a tax return with a new address *does* give clear and concise notice to the IRS pursuant to § 6212(b), that result was only reached based on a finding that the IRS did not exercise "reasonable diligence" in ascertaining the taxpayer's new address. *Wallin v. Commissioner,* 744 F.2d 674 (9th Cir.1984).

In the instant case, however, it is important to note that despite the plaintiffs' move to Kings Point in 1977, all forms relating to the plaintiffs' 1975 return sent by their tax attorney to the IRS *in 1978 and 1979* listed plaintiffs' address as Emmons Avenue in Brooklyn.[7] Thus, the plaintiffs themselves (by their agent) made unclear the address at which they could be "reasonably expected" to receive the notice of deficiency for that year. In this respect, the instant case bears a similarity to *Alta Sierra Vista, supra,* where the petitioner "at times used four different addresses, none of which was accompanied by an explanation." 62 T.C. at 376. The court there found that it could not say whether the IRS Commissioner had notice that the petitioner wanted the IRS to use a particular address with respect to the terms in controversy. *Id.* Here, Exhibits 1–3 of defendant's Memorandum of Law can be said to have created a reasonable view on the part of IRS that the plaintiffs wanted correspondence relating to the 1975 tax year to be sent to the Brooklyn address even after plaintiffs had moved to Kings Point.[8] Thus, on the present record, it is impossible to determine whether the defendant exercised the "reasonable diligence" discussed by the court in *Wallin.*

Another portion of the record in this case, however, requires some discussion. Specifically, plaintiffs contend that the documents attached as Exhibit H to their moving papers demonstrate that defendant had clear and concise notice of their change of address within the meaning of § 6212(b). That Exhibit consists of two letters from the Brooklyn District Director to plaintiffs. The first letter, dated January 18, 1980, refers to an IRS extension consent form for the 1976 year. The second letter, dated May 12, 1980, scheduled an appointment with plaintiffs to discuss their 1978 return. Both letters—concededly written *before* the defendant sent the Notice of Deficiency to the Brooklyn address—were mailed to plaintiffs at the *Kings Point* address. Thus, plaintiffs contend, the District Director must be deemed to have had notice of their Kings Point address at the time when defendants allegedly wrongfully mailed the Notice of Deficiency in controversy to Brooklyn.

While the conclusion urged by plaintiffs appears logical, it is impossible based on the current record to find that the plaintiffs have fulfilled the strict requirements of Rule 56. Although the documents in plaintiffs' Exhibit H may constitute some evidence that the IRS had proper notice of plaintiffs' change of address prior to mailing the Notice of Deficiency in June 1980, all other documentation relating to the 1976 and 1978 returns is absent here. Comparing this case with *Alta Sierra Vista, supra,* it is possible that plaintiffs provided the IRS with different addresses in relation to different tax years, thus giving the IRS the "reasonable expectation" that it could legitimately send the Notice of Deficiency in question to the Brooklyn address. Only by an examination of the parties' written communications pertaining to the 1976 and 1978 returns—and oral testimony—will it be possible to determine

7. *See* defendant's Memorandum of Law, Exhibits 1–3.

8. *See* defendant's Memorandum of Law at 11–12.

which party should prevail under the circumstances of this case.

*Conclusion*

For the reasons set forth above, and based on the present record, plaintiffs' motion for summary judgment is denied.

So Ordered.