**EXPANDING ENVELOPE AND FOLD-ER CORPORATION, Appellant,**

v.

**Joseph M. SHOTZ, District Director of Internal Revenue, Newark, New Jersey, Edward J. Fitzgerald, District Director of Internal Revenue, Manhattan, New York, and United States of America, Appellees.**

**Lawrence DWORKIN and Lillian Dworkin, Appellants,**

v.

**Joseph M. SHOTZ, District Director of Internal Revenue, Newark, New Jersey, and United States of America, Appellees.**

**Nos. 16597, 16598.**

United States Court of Appeals Third Circuit.

Argued Nov. 2, 1967.

Decided Nov. 14, 1967.

Herbert L. Zuckerman, Newark, N. J., for appellants.

Issie L. Jenkins, Appellate Section, Dept. of Justice, Tax Division, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Lawrence B. Silver, Attys., Dept. of Justice, David Satz, Jr., U. S. Atty., Richard D. Catenacci, Asst. U. S. Atty., on the brief), for appellees.

Before McLAUGHLIN, GANEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Both appeals raise the issue, which we assume is properly formulated, as to whether the notices of deficiency mailed by the Internal Revenue Service complied with the statute directing the mailing of such notice to the taxpayer's last known address (Internal Revenue Code of 1954, § 6212).

The taxpayers sued in the district court to enjoin the defendants from attempting to collect assessments which were made following the sending of the notices. The district court granted defendants' motions for summary judgment and the taxpayers appealed.

The taxpayers filed with the Internal Revenue Service powers of attorney directing that "all correspondence addressed to the taxpayers in proceedings involving" the years in question here should be sent to the designated attorneys-in-fact at the address specified in the powers. The powers also contained the addresses of the taxpayers. The

Service thereafter mailed certified notices of deficiency to the taxpayers in care of their attorneys-in-fact at the attorneys' addresses given in the powers.

■ The taxpayers first contend that the mailing here did not constitute compliance with Section 6212 of the Internal Revenue Code of 1954. They say that the statute does not permit the use of a power of attorney of the type here involved to alter the "last known address" requirement. We think that when a taxpayer, through a duly executed and filed power, gives instructions such as those here given, he is in effect giving the Service a last known address for Section 6212 purposes. It is an address where he explicitly indicates he is likely to receive the notice. Compare Delman v. Commissioner of Internal Revenue, 3rd Cir., October 10, 1967, 384 F.2d 929.

■ We find no merit to the taxpayers' argument that the words "all correspondence addressed to the taxpayers in proceedings," were not sufficiently broad to include a notice of deficiency. Nor will the taxpayers be heard to say that no effect should be given the changes they made on the power of attorney form. When the taxpayers deleted the words "copies of," relating to correspondence and substituted the word "all," they became bound by their actions.

■ Finally, the taxpayers argue that events occurring after the filing of the powers provided the Service with last known addresses which were different from those given in the powers. They point out that taxpayers' addresses differing from those in the directives in the powers were given on waivers of limitations filed with the Service. Also, in the case of the corporate taxpayer, a representative of the Service asked one of the attorneys-in-fact for the taxpayer's "correct address." Neither activity is any evidence from which the Service should have inferred that the taxpayers were revoking the instructions contained in the powers.

The judgments of the district court will be affirmed.