**Brough J. GREEN and Ruth L. Green, Plaintiffs,**

v.

**The UNITED STATES of America and Donald C. Alexander, Commissioner of the Internal Revenue Service, Defendants.**

No. 77–C–148–C.

United States District Court, N. D. Oklahoma.

July 19, 1977.

George W. Underwood, Ken Ray Underwood, Tulsa, Okl., for plaintiffs.

Nathan G. Graham, U. S. Atty., Tulsa, Okl., G. Tomas Rhodus, Tax Division, Dept. of Justice, Dallas, Tex., for defendants.

## ORDER

COOK, District Judge.

This is an action in which the plaintiffs ask the Court to declare an assessment of income taxes against them in the amount of $203,162.50 illegal and invalid and to enjoin the defendant Commissioner of the Internal Revenue Service (Commissioner) from collecting or attempting to collect the amounts so assessed against them. The defendants have filed a motion for summary judgment or, in the alternative, to dismiss the complaint on the ground that this Court lacks jurisdiction by virtue of the anti-injunction provisions of Title 26 U.S.C. § 7421(a). The plaintiffs contend that they did not receive a notice of deficiency as required by Title 26 U.S.C. §§ 6212 and 6213 and that this suit is therefore not barred by § 7421(a).

The following facts relevant to the Court's consideration of the defendants' motion do not appear to be in substantial dispute. On November 27, 1974, Brough J. Green, one of the plaintiffs herein, was indicted in the Northern District of California for subscribing false joint individual income tax returns for each of the years 1968, 1969 and 1970, in violation of Title 26 U.S.C. § 7206(1). (Rhodus Affidavit, Attachment A) On March 14, 1975, Mr. Green entered a plea of *nolo contendere* to the charges against him and received a three year suspended sentence and a fine in the amount of $10,000.00. (Rhodus Affidavit, Attachment B) Following disposition of

the criminal charges against Mr. Green, an Internal Revenue agent was assigned to conduct a civil audit of the plaintiffs with respect to their tax liabilities for the years 1965 through 1970. (Elliott Affidavit) On September 9, 1975, the agent was advised by a Mr. Leslie Hartman, who had a power of attorney for the plaintiffs, that the Greens were moving from Salinas, California to Tulsa, Oklahoma and could be contacted in Tulsa at the following address:

Brough & Ruth Green
c/o Frank J. Persson Company
2425 East 45th Street
Tulsa, Oklahoma 74135

On April 12, 1976, the Internal Revenue Service prepared and mailed by certified mail the statutory notices of deficiency in issue in this action. Both were addressed to the plaintiffs, one at their former address in Salinas, California (being the same address appearing on the taxpayers' return for the year 1970, the last period here in issue), and the other in care of Frank Persson Company at the address shown above. (Attachment to Carmody Affidavit) In accordance with the provisions of Title 26 U.S.C. § 6213, assessment and collection activities were stayed for a period of 90 days following the mailing of the notices of deficiency. That 90-day period having elapsed, the taxes and penalties asserted in the statutory notices were assessed on October 11, 1976, plus interest thereon from the due date of the taxes in question. For the purpose of considering the defendants' motion, the Court will assume that the plaintiffs never actually received the original notice of deficiency, although, as the defendants suggest, the fact that the notices of assessment, addressed to plaintiffs in care of Frank Persson Co., are attached to the complaint is demonstrative of the efficacy of mail delivery to the plaintiffs at that address.

Title 26 U.S.C. § 7421(a), upon which the defendants rely, provides:

"(a) Except as provided in sections 6212(a) and (c), 6213(a), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

Title 26 U.S.C. § 6213(a) provides in pertinent part as follows:

"(a) . . . [N]o assessment of a deficiency in respect of any tax imposed by subtitle A or B . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice [as provided in section 6212] has been mailed to the taxpayer . . . . Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

Thus, under ordinary circumstances, this Court has jurisdiction to entertain the plaintiffs' action only if the statutory notice of deficiency prescribed by Title 26 U.S.C. § 6212 was not properly mailed to the taxpayers.

Title 26 U.S.C. § 6212 provides in pertinent part as follows:

"(a) If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B . . ., he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

"(b)(1) In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax . . ., if mailed to the taxpayer at his last known address, shall be sufficient . . . even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence."

In construing the phrase "last known address", the courts have generally concluded that a notice of deficiency is sufficient if it is mailed to the address where the Commis-

sioner reasonably believed the taxpayer wished to be reached. *United States v. Ahrens,* 530 F.2d 781 (8th Cir. 1976); *Sorrentino v. Ross,* 425 F.2d 213 (5th Cir. 1970); *Delman v. Commissioner of Internal Revenue,* 384 F.2d 929 (3rd Cir. 1967). If the notice is mailed to the last known address, it is valid even if it is not actually received by the taxpayer. *United States v. Ahrens,* supra; *Delman v. Commissioner of Internal Revenue,* supra; *Luhring v. Glotzbach,* 304 F.2d 556 (4th Cir. 1962). On the other hand, actual receipt by the taxpayer of the notice is sufficient, even if it is not sent to the last known address. *Id.* The Commissioner is required to exercise reasonable care and diligence in mailing a deficiency notice to the correct address, *Arlington Corp. v. Commissioner of Internal Revenue,* 183 F.2d 448 (5th Cir. 1950), and the burden of proof is upon the taxpayer to prove that this care and diligence was not exercised. *Butler v. District Director,* 409 F.Supp. 853 (S.D.Tex.1975).

In the instant case, the plaintiffs contend that the Commissioner had knowledge that their true "last known address" was 7756 Charles Page Boulevard, Tulsa, Oklahoma. To demonstrate this, they rely upon a notice of overpayment of taxes, mailed to that address on May 3, 1976, regarding the year ended December 31, 1975, and a notice of federal tax lien mailed on December 8, 1976 and indicating the plaintiffs' residence as 7756 Charles Page Boulevard.

In *Expanding Envelope & Folder Corp. v. Shotz,* 385 F.2d 402 (3rd Cir. 1967), the taxpayer had filed with the Internal Revenue Service powers of attorney directing that all correspondence addressed to the taxpayer in the proceedings involving the years in question should be sent to designated attorneys-in-fact. In discussing this direction, the Court said:

> "We think that when a taxpayer, through a duly executed and filed power, gives instructions such as those here given, he is in effect giving the Service a last known address for Section 6212 purposes. It is an address where he explicitly indicates he is likely to receive the notice." *Id.* at 404.

Likewise, in the instant case, the plaintiffs gave explicit, although less formal, mailing instructions to the agent in charge of auditing their returns for the years here in issue. In *Expanding Envelope,* the taxpayer argued that events occurring after the filing of the powers, such as the filing of waivers of limitations and an inquiry of an attorney-in-fact by an IRS agent as to the taxpayer's "correct address", provided the Service with last known addresses which differed from those given in the powers. The Court rejected that argument and held that "[n]either activity is any evidence from which the Service should have inferred that the taxpayers were revoking the instructions contained in the powers." *Id.* This is essentially the same argument being advanced by the plaintiffs in this case.

The taxpayers in *Luhring v. Glotzbach,* supra, listed their address for the years 1957 and 1958 in Norfolk, Virginia. For the years 1959 and 1960, they had two different addresses in Florida and had received from the IRS refunds and tax forms for one or both of those years at the Florida addresses. The IRS agent who investigated them for the years 1957 and 1958 learned that they no longer lived in Norfolk and discovered their first Florida address. A deficiency notice was mailed to that address and returned to the IRS as "unclaimed". The IRS therefore knew that the taxpayers had received no actual notice of the deficiency. The taxpayers contended that their later address was known to the tax officials who processed their returns for subsequent years and that the deficiency notice should therefore have been sent to that address. In rejecting the taxpayers' argument, the Court first noted the "vast domain" over which the Commissioner presides and the numerous tax officials a taxpayer would encounter in moving from place to place within the United States, and then held:

> " . . . we think that the statute should be so construed as to hold a notice of deficiency valid if it is sent to the address shown on the taxpayer's return and the local officials have no knowledge of a change of address, even though the

**338**

tax officials in another District have been notified that the address has been changed. Especially must this be so if the new address appears on the tax returns filed in the new District of which the tax officials in the old District have no knowledge. In the case at bar the notice was adequate since it was sent to the address last known to the agents in the District where the return was filed." *Id.* at 559.

This case is factually very similar to the instant one, except that here the Commissioner had every reason to believe that the plaintiffs had received the notice of deficiency.

In *Butler v. District Director,* supra, the deficiency notice was also returned to the IRS, and it therefore had knowledge that the taxpayers had received no actual notice of the deficiency. In that case, the Court held that reliance upon the address provided on the return in question was proper because the agent was not aware of any "clear and concise notification" by the taxpayers of a definite change of address to which they wished sent any correspondence regarding the year being audited. The Court adopted the holding of *Daniel Lifter,* 59 T.C. 818 (1973), that:

> "Other than the address given on their return for 1968, [the Revenue Agent] received no instructions from the petitioners as to how they should be reached regarding an audit of that return. Clearly, the addresses set forth in their subsequent returns did not constitute a direction as to the address to be used to reach them regarding the 1968 return."

■ Within the framework of the cited cases, it appears to the Court that the Commissioner was reasonable in believing that the plaintiffs wished to be reached c/o Frank J. Persson Company regarding the audit being conducted for the years 1965 through 1970. At the time that address was given, the plaintiffs knew that their returns for those years were being audited by the agent to whom the address was given. There is no indication, and the plaintiffs do not contend, that a specific notification was given to the IRS of a different address at which they wished to be reached concerning the audit then in progress. The listing of a different address on a subsequent return filed in another district did not constitute such a specific notification. Therefore, under the circumstances of this case, the notice of deficiency was properly mailed to the plaintiffs' "last known address" for purposes of Title 26 U.S.C. § 6212.

■ Because the notice of deficiency was properly mailed under Title 26 U.S.C. § 6212, the plaintiffs' suit is barred by Title 26 U.S.C. § 7421(a) unless certain conditions prescribed by the United States Supreme Court in *Enochs v. Williams Packing and Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), are met. The Court in that case held that § 7421(a) will not bar an injunction if (1) it is clear that under no circumstances can the Government ultimately prevail, and (2) equity jurisdiction otherwise exists. The Court further defined the requirements as follows:

> "We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed." 370 U.S. at 7, 82 S.Ct. at 1129.

The Court also held that the intent of Congress was that " . . . such a suit may not be entertained merely because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise." 370 U.S. at 6, 82 S.Ct. at 1129. The Court indicated that to satisfy the first requirement above, the facts must be similar to those present in *Miller v. Standard Nut Margarine Co.,* 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed.2d 422 (1932). In discussing that case, the *Enochs* Court said:

> "Prior to the assessment in issue three lower federal court cases had held that

similar products were nontaxable and, by letter, the collector had informed the manufacturer that 'Southern Nut Product' was not subject to the tax. This Court found that '[a] valid oleomargarine tax could by no legal possibility have been assessed against . . . [the manufacturer], and therefore the reasons underlying . . . [§ 7421(a)] apply, if at all, with little force.'" 370 U.S. at 5, 82 S.Ct. at 1128.

This Court's function under the *Enochs* test is not to determine the validity of the assessments in issue, but to determine if there is any basis upon which the assessments can be upheld. *Cattle Feeders Tax Committee v. Shultz*, 504 F.2d 462 (10th Cir. 1974). In the instant case, the plaintiffs' primary contention is that the defendants will be unable to prove the existence of fraud necessary to extend the statute of limitations governing the assessments in question. Their other arguments similarly relate to the merits of the assessments. However, the validity of the assessments is not before the Court at this time. Under the most liberal view of the law and the facts, there is certainly a basis upon which the assessments can be upheld. Therefore, the *Enochs* exception to Title 26 U.S.C. § 7421(a) is not applicable, and that statute operates as a bar to the plaintiffs' action.

For the foregoing reasons, it is the determination of the Court that it lacks jurisdiction over the plaintiffs' suit, and the defendants' motion to dismiss the complaint is hereby sustained.

It is so Ordered this 19th day of July, 1977.