T.C. Memo. 2004-81


UNITED STATES TAX COURT


THOMAS W. HUNTER, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9856-02.                    Filed March 23, 2004.


<u>James David Leckrone</u>, for petitioner.

<u>Rebecca Dance Harris</u>, for respondent.


MEMORANDUM OPINION


HOLMES, <u>Judge</u>:  In September 1998, petitioner Thomas Hunter moved from Gallatin to Hendersonville, Tennessee.  He knew when he moved that the IRS was auditing his tax returns.  In October 1998, he hired new accountants to represent him, and filed a power-of-attorney form that both directed the IRS to send copies of all correspondence to their office in Nashville and listed his

own new address in Hendersonville. In January 1999, respondent sent notices of deficiency for the tax years under audit to petitioner at his old address in Gallatin. He never received them. Respondent did not mail duplicates to him at his new address, nor did he mail duplicates to petitioner's accountants in Nashville.

The case comes to us on the parties' cross-motions to dismiss for lack of jurisdiction. The question presented is whether petitioner, by filing this power-of-attorney form, gave respondent a clear and concise notification of his change of address.

## Background

This case turns on the timing of a few key events:

| | |
|---|---|
| August 14, 1997 | Petitioner files 1991-1995 returns. |
| July 30, 1998 | Petitioner files 1996 return. The parties assume that this return listed petitioner's Gallatin address. |
| August 13, 1998 | The revenue agent issues her findings on petitioner's 1991-1996 tax liability in a revenue agent's report that she sends to petitioner at his Gallatin address. He receives it, but doesn't respond. |
| September 1998 | Petitioner moves to Hendersonville, Tennessee. |
| October 23, 1998 | Petitioner signs Form 2848 ("Power of Attorney and Declaration of Representative") listing his Hendersonville address and naming three accountants as his designated representatives for the 6 tax years under audit. The form directs |

respondent to send copies of all correspondence to both the first and second accountants named on the form.

November 19, 1998     The IRS service center in Memphis receives and processes the Form 2848.

January 28, 1999      Respondent issues three notices of deficiency covering all 6 tax years. Respondent sends these notices to the Gallatin address.  All are sent by certified mail; two are returned to the IRS as unclaimed, and there is no record of what happened to the third.

July 1999             Petitioner receives statements of account for each of the years in question from the IRS, sent to him at his Hendersonville address.

September 1999        Petitioner begins suggesting compromise to resolve all years in question.

July 2000–            Petitioner continues settlement talks,
April 2002            first with a revenue agent and then with the IRS Appeals office.

June 10, 2002         Petitioner files petition.  (In lieu of the notices of deficiency, which he still hasn't received, he attaches the revenue agent's reports from August 1998).

Petitioner continues to be a resident of Tennessee, as he was when he filed his petition.  When the case neared trial in Nashville, both parties moved to dismiss the petition for lack of jurisdiction--petitioner on the ground that respondent never sent a notice of deficiency to his last known address, and respondent on the ground that petitioner filed his petition well outside our 90-day jurisdictional limit.  The parties have stipulated or not

contested the key facts and documents.[1]

### Discussion

Our jurisdiction to redetermine deficiencies exists only when the Commissioner issues a notice of deficiency and a taxpayer files a timely petition to redetermine that deficiency. Rule 13(a),(c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). The Internal Revenue Code says that a notice of deficiency shall be "sufficient" if "mailed to the taxpayer at his last known address." Sec. 6212(b)(1).[2] There is no statutory definition of "last known address," and the resulting gap has been filled with a "plethora of caselaw decided by this and other courts." Marks v. Commissioner, T.C. Memo. 1989-575, affd. 947 F.2d 983 (D.C. Cir. 1991).[3]

In Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988), we

---

[1] The most important fact that the parties did not stipulate is whether petitioner ever received a notice of deficiency. Petitioner testified at the short hearing held before the case was submitted that he never had. Respondent objected to the proposed finding of fact citing that testimony, but only by characterizing the testimony as "self-serving." On this crucial point, we agree with petitioner--noting especially that respondent, in his own motion to dismiss, asserted only that he sent three notices of deficiency to petitioner--the three concededly sent to petitioner's old address in Jan. 1999.

[2] Subsequent section references are all to the Internal Revenue Code.

[3] Respondent has issued a regulation, sec. 301.6212-2, Proced. & Admin. Regs., defining "last known address." The regulation's effective date, however, is Jan. 29, 2001, after the events giving birth to these motions.

held that

> a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address.

We also held in Abeles that once a taxpayer notifies the IRS that his address has changed, the Commissioner "must exercise reasonable care and diligence in ascertaining, and mailing the notice of deficiency to, the correct address." Id. at 1031. And we focus in deciding whether he's exercised reasonable care on "the information that would be available to the IRS at the time that it issued the deficiency if it had used reasonable diligence."[4] Ward v. Commissioner, 907 F.2d 517, 521 (5th Cir. 1990), revg. and remanding 92 T.C. 949 (1989). So the specific question to be answered is whether petitioner, by listing his new address on his power-of-attorney form, gave respondent "clear and concise notification" of his new address.

Two courts have already answered the question. In Rizzo v. Davis, 43 AFTR 2d 985, 79-1 USTC par. 9310 (W.D. Pa. 1979), the

---

[4] Most circuits consider the "last known address" issue to be a purely factual question, e.g., McPartlin v. Commissioner, 653 F.2d 1185, 1189 (7th Cir. 1981), or a "mixed question" which is "essentially factual", King v. Commissioner, 857 F.2d 676, 678 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); cf. Armstrong v. Commissioner, 15 F.3d 970, 973 (10th Cir. 1994), affg. T.C. Memo. 1992-328. In a case involving "the extraordinary circumstances of taxpayers whose address had changed twice * * * even though they have never moved," the Second Circuit reviewed de novo the "legal conclusion as to the [Commissioner's] satisfaction of the reasonable diligence requirement". Sicari v. Commissioner, 136 F.3d 925, 928 (2d Cir. 1998), revg. T.C. Memo. 1997-104. The Sixth Circuit has not decided what standard of review applies.

court found--at the Government's insistence--that the taxpayer's Form 2848 established a "last known address" different from the one appearing on the taxpayer's most recently filed return.  And in Johnson v. Commissioner, 611 F.2d 1015, 1020 (5th Cir. 1980), revg. and remanding T.C. Memo. 1977-382, the Fifth Circuit similarly held that a Form 2848 is sufficient to change a last known address, even if the IRS later loses the form.  We ourselves have repeatedly held that a power-of-attorney form directing the IRS to send all original documents to a representative is an adequate notification of a change of address:  Maranto v. Commissioner, T.C. Memo. 1999-266; Elgart v. Commissioner, T.C. Memo. 1996-379; Honts v. Commissioner, T.C. Memo. 1995-532.

This case would seem only a bit different--here petitioner directed that copies be sent to his accountants, and it is he rather than respondent who is claiming that a Form 2848 effectively makes a change of address.  Petitioner suggests neither of these distinctions makes a difference.  In his view, for a filing to change a "last known address" it must only be (1) clear and concise, (2) a notification, (3) and show a different address from the last one sent to the IRS.  He then insists that his October 1998 power-of-attorney form meets all three requirements.  It was "clear and concise" because the Form 2848 was the IRS's own form; it was a notification because it was

sent to the appropriate IRS service center, as the IRS required, see Rev. Proc. 90-18, sec. 4.02, 1990-1 C.B. 491, 492, and it definitely showed a different address.[5]

Respondent chose not to file a reply brief and so missed his chance to grapple with Rizzo and Johnson. Instead, he argues that petitioner's proposed test leaves out a critical fourth element: An express statement of intent by a taxpayer that his address of record be changed to his new address. See Rev. Proc. 90-18, sec. 5.04(1), 1990-1 C.B. at 494.[6] This failure, which respondent strongly suggests could easily have been cured by using Form 8852--the IRS's official change-of-address form--in his view vitiates petitioner's attempt to use a Form 2848 to effect a change of address.

Respondent finds this fourth element not in any case involving powers of attorney, but in other cases stating seemingly broad principles of "last known address" law. He begins with Alta Sierra Vista v. Commissioner, 62 T.C. 367, 374 (1974), a case where we noted that "Administrative realities

---

[5] Respondent suggests that petitioner could have given the form to the revenue agent working on the audit. This is true, but hardly decisive--respondent's own procedure allows a taxpayer to mail the form to the Service Center that received his last return.

[6] Note that we have held that revenue procedures generally, and Rev. Proc. 90-18, supra, in particular, do not bind this Court. Westphal v. Commissioner, T.C. Memo. 1992-599.

demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address." Id. at 374 (citations omitted). Alta Sierra Vista spoke of respondent's "entitlement" to treat the address on a taxpayer's most recent tax return as his last known address. Respondent insists that this "entitlement" creates a presumption which simply listing a new address on a power-of-attorney form does not rebut.

Respondent then cites cases in which various documents other than power-of-attorney forms were found insufficient to rebut this presumption. His leading case is Tadros v. Commissioner, 763 F.2d 89 (2d Cir. 1985). Tadros featured a taxpayer who lived in New York when he filed his 1981 tax return, but who moved to New Jersey in January 1983. In March 1983, the Commissioner sent a notice of deficiency to his old New York address, but the Postal Service returned it as "undeliverable".

Tadros argued that he had told the Commissioner of his move to New Jersey in a letter he had written to the IRS in January 1983 on stationery printed with his New Jersey address. His letter asked for copies of correspondence and said that he needed the copies to replace originals that he had "'lost or misplaced in the process of moving.'" Id. at 92.

The Second Circuit held that the letter was a mere "routine inquiry," not amounting to an official change of address:

> Tadros's letter * * * indicated neither that Tadros had
> permanently moved, nor whether the Jersey City address

> on the letterhead was his new place of residence. <u>Nor
> did it mention the old address or indicate that it was
> no longer to be used.</u>
>
> The steps taken by the IRS when the March 8 notice was
> returned as undeliverable show that it exercised
> reasonable care to ascertain Tadros's new address.

<u>Id.</u> (emphasis added).

The letter Tadros had sent the IRS was not an IRS form, and not in a format drafted by the IRS itself. Respondent would nevertheless have us find that petitioner's power of attorney is like Tadros's stationery--it too made no mention of his old address and did not expressly indicate that the old address was no longer to be used. We do not, however, read <u>Tadros</u> as listing requirements needed to make an effective change of address in all cases. Instead, we read it as suggesting ways in which the letter in that case could have sufficed--for example, by identifying the old address and noting that it had been replaced by the new one.

Respondent next points to <u>Pyo v. Commissioner</u>, 83 T.C. 626 (1984), which does at least feature an IRS-designed form--Form 872, the form the IRS customarily uses to extend the statute of limitations. The IRS had itself incorrectly filled out the taxpayer-address portion of the form with the Pyos' old address before sending it to their accountant. The Pyos did not catch the mistake before returning the form to the IRS. A year later, the IRS sent a notice of deficiency to the old address, despite

having traded letters with the Pyos at their new address in the meantime.

When the notice was returned as undeliverable, the IRS relied on the erroneously completed Form 872 as evidence that the Pyos' old address was their "last known address."  The Court rejected this argument, holding that an "inadvertent" failure by a taxpayer to correct an IRS mistake on a form would be insufficient to establish a last known address, especially when so much time had passed since the Pyos sent back the Form 872 and the IRS had begun writing to them at their new address.  Pyo does not support the proposition that a form filed for a purpose other than changing an address will not create a new "last known address"; rather, it teaches that taxpayers will not be penalized for inadvertently failing to correct IRS mistakes.

Petitioner's Form 2848, in contrast, calls upon taxpayers to fill it out themselves and include their address.  "[I]t seems anomalous to permit * * * [respondent] to prescribe the medicine and then punish the patient for taking it."  Johnson, 611 F.2d at 1019.  And our caselaw--beginning at least with Honts--holds that a power-of-attorney form works as a change of address. Respondent tries to limit those cases' force by arguing that the Form 2848 is sufficient notice of an address change only when it directs originals of all notices and communications be sent to the taxpayer's representative instead of the taxpayer.  He argues

that petitioner's case is different: His form directed only copies go to his representatives, and merely informed respondent of his address, without saying that he wished the new address to supplant the old.

But we reject the assertion that a valid change-of-address notification must use language equivalent to "please note that this is a change of address."  As petitioner points out, no such glaring notification exists on a tax return, or on the power-of-attorney forms given effect in Rizzo and Johnson.

We also think that respondent's position overlooks a more general theme in the case law; namely, that the IRS is chargeable with knowing the information that it has readily available when it sends notices to taxpayers.  As courts have repeatedly observed, the steady advance of technology continues to lighten the IRS's burden in searching its own records for current address information.  Union Tex. Intl. Co. v. Commissioner, 110 T.C. 321, 334 (1998).

Petitioner is thus right in noting that address information on the Form 2848 is not mere surplusage.  The IRS asks for that information and solicits taxpayer's directions on what address should be used for original and duplicate notices.  This strongly implies that respondent will actually incorporate the information on the form into its databases and use the information when sending notices to a taxpayer's "last known address."

Respondent's position is essentially that it is up to taxpayers to flag change-of-address information in a way so obvious as to be immune from occasional bureaucratic irregularities. But the minimal burden to the IRS must be balanced against the potentially serious consequences for taxpayers who rely on the IRS to process in a businesslike way the information that it receives. The <u>Tadros</u> decision itself recognized that the IRS has an "obligation" to "exercise reasonable care in determining an address." <u>Tadros</u>, 763 F.2d at 91-92. And as we announced in <u>Abeles</u>:

> the IRS' computer system was available to respondent's agent responsible for mailing the notice of deficiency, and * * * the system would have reflected the [correct address] had such agent caused a computer search of petitioner's TIN.

<u>Abeles</u> at 1034.[7] In short, the IRS should not "ignore that which it obviously knows." <u>United States v. Bell</u>, 183 Bankr. 650, 653 (S.D. Fla. 1995).

Respondent's failure to act on what he knew continued even after the notices were returned as "unclaimed". Respondent's own manual suggests that he should have kept trying to find the right

---

[7] The record in this case contains scant information on the procedures and database capabilities of respondent. We are guided, however, by the stipulation of the parties that the Form 2848 was processed on Nov. 19, 1998; and by Rev. Proc. 90-18, which indicates that the IRS requires 45 days to process address information. The 45-day period, even counting from the time the Form 2848 was filed, would have ended well before Jan. 28, 1998-- the date that the IRS sent out the notices of deficiency.

address.  1 Audit, Internal Revenue Manual (CCH), sec. 4243.2(6)(b) (as in effect January 1999) (if mail undeliverable, IRS should "check all possible sources in the case files").[8] Instead, the stipulated facts show no effort to redeliver the notices even after respondent began using petitioner's Hendersonville address in correspondence, and while he continued to meet with petitioner's accountants in settlement talks for several years.  The caselaw calls this evidence of lack of reasonable care and due diligence.  See Pyo, 83 T.C. at 638 (corresponding with taxpayers at new address suggests knowledge of new address); Honts, T.C. Memo. 1995-532 (Commissioner should verify address if in regular contact with taxpayer's representative).  And we ourselves have stressed that the Commissioner can protect himself from last-known-address problems by sending copies to each possible address.  Elgart v. Commissioner, T.C. Memo. 1996-379; Karosen v Commissioner, T.C. Memo. 1983-540.  No such steps are on record here, even though petitioner had asked on his Form 2848 for copies of all correspondence to go to two of his accountants.

---

[8] Respondent points out that there is no record of the third notice's being returned.  Because we find that respondent failed to issue any of these notices to petitioner's last known address, the ambiguity surrounding the ultimate fate of this one notice is irrelevant.  Respondent also argues that the house number on the Form 2848 was incorrectly listed as 2200, rather than 2220.  This would only be relevant if respondent had used it to address the notices of deficiency at issue.

Nothing compels the Commissioner to ask taxpayers to list their address on a Form 2848. By doing so, and by using that requested information to identify taxpayers within IRS records, respondent bears the burden of conforming his actions to the knowledge at his disposal. See Alta Sierra Vista, 62 T.C. at 374. This is important not only because of the statutory requirements of section 6213, but also because, as petitioner points out, taxpayers are put in the position of quite reasonably assuming that the address information they provide to the IRS will be noted and acted upon.

We agree with petitioner that listing his Hendersonville address on the Form 2848 provided respondent with "clear and concise" notification of his change of address. His Hendersonville address thus became his "last known address" under section 6213. We shall therefore grant his motion to dismiss this case for lack of jurisdiction, and deny respondent's.

To reflect the foregoing,

> An order will be entered
> granting petitioner's, and denying
> respondent's, motion to dismiss
> for lack of jurisdiction.