152 T.C. No. 7

UNITED STATES TAX COURT

DAMIAN K. GREGORY AND SHAYLA A. GREGORY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1465-17.                              Filed March 13, 2019.

Ps moved from Jersey City, New Jersey, to Rutherford, New Jersey. After they moved, they filed their joint 2014 Federal income tax return using their old address. During an examination of Ps' 2014 return, Ps submitted Forms 2848, Power of Attorney and Declaration of Representative, showing their new address. While the examination was ongoing, Ps submitted a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, also showing their new address. The Commissioner mailed a notice of deficiency to Ps at their old address. Ps filed an untimely petition. R moved to dismiss for lack of jurisdiction, arguing that Ps filed an untimely petition. Ps moved to dismiss for lack of jurisdiction, arguing that R failed to send the notice of deficiency to their last known address.

A notice of deficiency provides sufficient notice if sent to the taxpayer's last known address. I.R.C. sec. 6212(b)(1). A taxpayer's last known address is the address shown on the most recently filed and properly processed return unless updated by clear and concise

notification of a different address.  Sec. 301.6212-2(a), Proced. & Admin. Regs.

Held:  Form 2848 does not constitute a return for purposes of updating a taxpayer's last known address.

Held, further, Form 2848 does not constitute clear and concise notification of a different address.

Held, further, Form 4868 does not constitute a return for purposes of updating a taxpayer's last known address.

Held, further, Form 4868 does not constitute clear and concise notification of a different address.

Held, further, R's notice of deficiency was sufficient because it was sent to Ps' last known address.

Stephen J. Dunn, for petitioners.

Rebecca M. Clark, for respondent.

OPINION

BUCH, Judge:  The Gregorys moved in 2015, but when they later filed their 2014 return, they used their old address.  After they filed that return, the Gregorys submitted three forms to the Commissioner, each of which explicitly stated, either on the form itself or on the form's instructions, that those forms would not be

recognized by the Commissioner for the purpose of updating a taxpayer's address. The Commissioner mailed a notice of deficiency to the address on the Gregorys' 2014 return. They did not receive it in time to file a timely petition, so their petition was late.

We are now faced with cross-motions to dismiss for lack of jurisdiction. The Gregorys argue that the notice of deficiency is invalid because the Commissioner did not mail it to their last known address. The Commissioner argues that the Gregorys did not timely file their petition. We will grant the Commissioner's motion because he mailed a valid notice of deficiency to the Gregorys at their last known address, and the Gregorys did not timely file their petition.

## Background

The Gregorys moved from Jersey City, New Jersey, to Rutherford, New Jersey, on June 30, 2015. But when the Gregorys filed their 2014 Federal income tax return on October 15, 2015, they incorrectly used their old Jersey City address.

The Gregorys first used the Rutherford address in correspondence with the Commissioner when they submitted Forms 2848, Power of Attorney and Declaration of Representative, in November of 2015. In April of 2016 the Gregorys used the Rutherford address again when they submitted a Form 4868,

Application for Automatic Extension of Time To File U.S. Individual Income Tax Return.

On October 13, 2016, the Commissioner sent by certified mail a notice of deficiency to the Gregorys at their Jersey City address. At that time the Gregorys had not yet filed their 2015 Federal income tax return. On November 11, 2016, the U.S. Postal Service marked the notice "Return To Sender/Unclaimed/Unable to Forward" and returned it to the Commissioner. The parties do not dispute that the Gregorys did not actually receive the notice of deficiency.

The Gregorys became aware of the notice of deficiency on January 17, 2017, and filed their petition that day. At the time the petition was filed they lived in Rutherford, New Jersey.

Discussion

I.     Jurisdiction and Standard of Review

We are a court of limited jurisdiction. We may only exercise jurisdiction over the matters Congress has expressly authorized us to consider. See sec. 7442;[1] Estate of Young v. Commissioner, 81 T.C. 879, 881 (1983). But we always have

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated.

jurisdiction to determine whether we have jurisdiction. Cooper v. Commissioner, 135 T.C. 70, 73 (2010).

We have deficiency jurisdiction--jurisdiction "to redetermine the correct amount of * * * [a] deficiency"--when (1) the Commissioner mails a valid notice of deficiency to the taxpayer and (2) the taxpayer timely files a petition with us disputing the deficiency. Secs. 6214(a), 6213(a). "A valid notice of deficiency is therefore both the necessary 'ticket to the Tax Court,' i.e., it permits the taxpayer to file a petition which is necessary for the Court to obtain jurisdiction, and it is a prerequisite to the assessment of the deficiency, with certain exceptions." Baron v. Commissioner, 71 T.C. 1028, 1034 (1979). If the notice is not validly sent or the petition is not timely filed, we do not have jurisdiction to redetermine the deficiency. There is no dispute that the petition was not filed within 90 days of the date the notice of deficiency was mailed to the Gregorys.

Even though we do not have jurisdiction to review the deficiency, we have jurisdiction to decide why we do not have jurisdiction, either because the petition was not timely filed or because the notice of deficiency was not sent to the last known address. See McKay v. Commissioner, 89 T.C. 1063, 1067 (1987), aff'd, 886 F.2d 1237 (9th Cir. 1989). The only issue before us is whether the notice of deficiency was mailed to the Gregorys' last known address.

II.     The Last Known Address

The Commissioner properly sends a notice of deficiency if he mails the notice to the taxpayer at the taxpayer's last known address regardless of whether the taxpayer actually receives the notice. Sec. 6212(a) and (b)(1); see McKay v. Commissioner, 89 T.C. at 1067. A taxpayer's last known address is "the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the Internal Revenue Service (IRS) is given clear and concise notification of a different address." Sec. 301.6212-2(a), Proced. & Admin. Regs. The regulations go on to provide: "Further information on what constitutes clear and concise notification of a different address and a properly processed Federal tax return can be found in Rev. Proc. 90-18 (1990-1 C.B. 491) or in procedures subsequently prescribed by the Commissioner."[2] Id. The procedures prescribed by the Commissioner at all relevant times can be found in Rev. Proc. 2010-16, 2010-19 I.R.B. 664.

---

[2]Rev. Proc. 90-18, 1990-1 C.B. 491, was amplified and superseded by Rev. Proc. 2001-18, 2001-1 C.B. 708, which was superseded by Rev. Proc. 2010-16, 2010-19 I.R.B. 664.

A.      Most Recently Filed and Properly Processed Return

Not every document submitted to the Commissioner is a return.  Some forms are obviously returns, such as Form 1040, U.S. Individual Income Tax Return, filed by the Gregorys.  The most recently filed and properly processed Form 1040 before the Commissioner mailed the notice of deficiency was the Gregorys' 2014 return showing the Jersey City address.  The only other forms submitted to the IRS by the Gregorys after filing that return and before the mailing of the notice of deficiency were two Forms 2848 and Form 4868.  Those forms showed the Gregorys' new address.  But neither is a return.

These forms do not fall within the class of documents that are typically considered to be returns.  Most commonly, a return is a document that is used to report a tax liability.  See. e.g., Beard v. Commissioner, 82 T.C. 766 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986).  Under what is commonly called the Beard test, for example, a return must meet the following criteria:  "First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury."  Id. at 777.  Neither Form 2848 nor Form 4868 meets any of these criteria:  They do not provide any data necessary for calculation of a taxpayer's tax

liability, they do not purport to be returns, and they cannot reasonably be considered attempts at making a return.

By regulation the Secretary has stated that what constitutes a properly processed Federal tax return would be set forth in procedures prescribed by the Commissioner. Sec. 301.6212-2(a), Proced. & Admin. Regs. The procedures in place at the relevant time can be found in Rev. Proc. 2010-16, which provides a list of IRS forms that are and are not returns, specifically for the purpose of establishing whether a document is a return for purposes of updating a taxpayer's last known address. The revenue procedure explicitly states that Form 1040 is a return but that Forms 2848 and 4868 are not. Rev. Proc. 2010-16, sec. 5.01(1)(a), (4), 2010-19 I.R.B. at 665, 666.

Having concluded that neither the Forms 2848 nor the Form 4868 constituted a return for purposes of updating the Gregory's last known address, we must separately consider whether either of those forms constituted clear and concise notice of the Gregorys' new address.

## B.   Clear and Concise Notice

The Gregorys argue that their Forms 2848 and their Form 4868 provided the Commissioner with clear and concise notification of a different address. If they are correct then the Commissioner did not mail the notice of deficiency to their

last known address. But the forms and their instructions for the year in issue explicitly disavow their use to update a taxpayer's address, and they do not meet the requirements for clear and concise notification set forth by Rev. Proc. 2010-16.

1.     <u>Forms 2848 and 4868 and Their Instructions</u>

The Gregorys did not give the Commissioner clear and concise notice of a different address by filing Forms 2848 or Form 4868.

Form 2848 and its instructions make clear that the form does not provide the Commissioner with clear and concise notification that the taxpayer's address has changed. The instructions to the 2014 Form 2848 explicitly state: "Address information provided on Form 2848 will not change your last known address with the IRS." The 2014 Form 2848 also explicitly cautions users that it will "not be honored for any purpose other than representation before the IRS." The Commissioner has conveyed to taxpayers that Form 2848 will not change their last known address. In effect, the Gregorys used forms that explicitly state that they are not to be used to update a taxpayer's address but now want the Commissioner to honor those forms to update to their address.

Similarly, the instructions to the 2015 Form 4868 warn taxpayers that filing the form will not update their address. The instructions state: "If you changed your mailing address after you filed your last return, you should use Form 8822,

Change of Address, to notify the IRS of the change. Showing a new address on Form 4868 will not update your record."

2. Rev. Proc. 2010-16

Our conclusion based on the plain text of the forms and instructions is consistent with the Commissioner's guidance. Rev. Proc. 2010-16 is explicit that Form 2848 and Form 4868 are not clear and concise notice. It explains:

> The term "return" does not include applications for extension of time to file a return or powers of attorney. Thus, for example, a new address listed on Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, or on a Form 2848, Power of Attorney and Declaration of Representative, will not be used by the Service to update the taxpayer's address of record.

Rev. Proc. 2010-16, sec. 5.01(4). While the revenue procedure does not directly address whether these forms could be used to give clear and concise notification, it implies that conclusion by stating that the forms will not be used to update the taxpayer's address of record.

Additionally, according to Rev. Proc. 2010-16, sec. 5.04(1)(a), clear and concise notification, when made in written form (as opposed to electronic or oral forms), is a signed statement "mailed to an appropriate Service address" that tells the Commissioner that the taxpayer has a new address and "[i]n addition * * * contain[s] the taxpayer's full name and old address as well as the taxpayer's social

security number, individual taxpayer identification number, or employer identification number." Neither Form 2848 nor Form 4868 purports to inform the IRS that it should be interpreted as a request to change the taxpayer's last known address, and neither form contains the taxpayer's old address.

### 3. Prior Versions of Form 2848

Our holdings regarding prior versions of Form 2848 do not help the Gregorys. Prior caselaw focused on the text of the form in use at that time. Since then, the Commissioner has published new guidance relating to updating a taxpayer's last known address, and the Commissioner has revised the text of Form 2848.

In 2004 we considered a prior version of Form 2848 when deciding "whether * * * [the taxpayer], by listing his new address on his power-of-attorney form, gave respondent 'clear and concise notification' of his new address." Hunter v. Commissioner, T.C. Memo. 2004-81, 87 T.C.M. (CCH) 1143, 1144 (2004).[3] We held that the December 1997 version of Form 2848 using the taxpayer's new address and requesting copies to be sent to his attorney gave the Commissioner clear and concise notice that the taxpayer had changed his address

---

[3]Mr. Hunter signed his Form 2848 in October of 1998. Presumably the form he signed was the December 1997 verison.

from the address previously on record.  A critical part of our reasoning was that "[n]othing compels the Commissioner to ask taxpayers to list their address on a Form 2848.  By doing so, and by using that requested information to identify taxpayers within IRS records, respondent bears the burden of conforming his actions to the knowledge at his disposal." Id. at 1146.  We noted that "taxpayers are put in the position of quite reasonably assuming that the address information they provide to the IRS will be noted and acted upon." Id.

But that assumption is no longer reasonable.  Since 2004 the Commissioner has issued clear guidance informing taxpayers of what actions will and will not change their last known address with the Commissioner.  We noted in Hunter that section 301.6212-2, Proced. & Admin. Regs., which had been issued in January 2001 to define the term "last known address", was not yet effective; it is effective for this case.  And at the time we decided Hunter, Rev. Proc. 2001-18 had not yet been superseded by Rev. Proc. 2010-16.  The earlier revenue procedure did not specifically address Form 2848.  And perhaps most notably, the warning on the Form 2848 that it would not be used for any purpose other than representation was not included in the form at issue in Hunter, and the instructions to Form 2848 were silent regarding a taxpayer's last known address.  The Forms 2848 at issue here

expressly state that they will not be honored for any purpose other than representation before the IRS.

When confronted with an even older version of Form 2848, the U.S. Court of Appeals for the Third Circuit, the circuit court to which appeal in this case would normally lie, found that taxpayers changed their last known address to that of their authorized representatives via their powers of attorney. Expanding Envelope & Folder Corp. v. Shotz, 385 F.2d 402 (3d Cir. 1967). Using Form 2848, the taxpayers directed that "'all correspondence addressed to the taxpayers in proceedings involving' the years in question here should be sent to the designated attorneys-in-fact at the address specified in the powers." Id. at 403. The taxpayers had crossed out the words "copies of" and written "all" on the portion of the power of attorney form directing correspondence to be sent to their attorneys. Id. at 404. And, like the form considered in Hunter and unlike the forms used by the Gregorys, the form considered by the Court of Appeals did not explicitly disavow its use as a change of address form.

The history of Form 2848 shows how the issue of whether and when the form will change a taxpayer's address of record has shaped the current version of the form. The 1986 version of Form 2848 was the first version to provide a box for taxpayers to check to request that their representative receive originals of all

notices.  In 2004 this option was removed and a statement that "[o]riginal notices * * * will be sent to you and a copy to the first representative listed" replaced it. In 2011 the form was revised to make no statement regarding where originals would be sent but provided taxpayers with an option to check a box directing that their representatives be "sent notices and communications".  In 2014 the directions for this box were changed to "[c]heck if to be sent copies of notices and communications".  (Emphasis added.)  At the time the Gregorys executed their Forms 2848, the Commissioner had removed from the Form 2848 options to direct where original notices are to be sent.

III.    Conclusion

A taxpayer does not provide the Commissioner with clear and concise notification of a different address by submitting Form 2848 or Form 4868. Therefore, because the Gregorys did not provide the Commissioner with clear and concise notification of a different address, the Jersey City address used on their most recently filed and properly processed return was their last known address. The Commissioner sent a valid notice of deficiency to that address.  Because the Gregorys' petition was not timely, we will grant the Commissioner's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

An appropriate order and order of dismissal for lack of jurisdiction will be entered.